IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS E. MERTZ,<br>    Plaintiff | )<br>)<br>) |
| v. | ) Case No. 04-55 Erie<br>) |
| DONZI MARINE, INC. and AMERICAN<br>MARINE HOLDINGS, INC., in its own<br>right and d/b/a DONZI MARINE,<br>    Defendants and<br>    Third Party Plaintiffs | )<br>)<br>)<br>)<br>)<br>) |
| v. | ) HONORABLE MAURICE B. COHILL, JR.<br>) |
| THE BOAT STORE,<br>    Third Party Defendant | )<br>) Electronically Filed |

### PRETRIAL STATEMENT ON BEHALF OF PLAINTIFF
### THOMAS E. MERTZ

Plaintiff Thomas Mertz, by his attorneys, MacDonald, Illig, Jones & Britton LLP, files this Pretrial Statement, pursuant to LR 16.1.4A of the Local Civil Rules of the United States District Court for the Western District of Pennsylvania.

### I.  Statement of Facts

Plaintiff Thomas Mertz has filed this lawsuit against Donzi Marine, Inc. and American Marine Holdings, Inc., in its own right and d/b/a Donzi Marine (hereinafter collectively "defendants"), asserting claims for breach of express and implied warranties, violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1-201-9.3, and violations of the Magnuson-Moss Warranty Act ("MMWA" or "the Act"), 15

U.S.C. §§ 2301-2312, arising out of the purchase of a Donzi 38ZX Daytona motorboat (hereinafter "the boat" or "the 38ZX").[1]  In support of his claims against defendants, Mr. Mertz will establish the following facts at trial.

On May 8, 2002, Mr. Mertz purchased the boat from additional defendant The Boat Store located at 10170 West Main Road, North East, Pennsylvania.  The purchase price for the boat, including optional equipment and accessories was $322,255.00.  Defendant Donzi Marine, Inc. (hereinafter "Donzi") manufactured the boat.

Prior to purchasing the boat, Mr. Mertz received advertising brochures published by or at the request of Donzi, which stated that the 38ZX was "[c]apable of speeds in excess of 90 miles per hour" or "100 miles per hour (with optional power)" and that the headroom in the cabin portion of the boat was six feet, three inches.  Mr. Mertz  specifically requested that Donzi provide whatever "optional power" was necessary in order for the boat to achieve speeds in excess of 90 mph.  In addition, Greg Szczesny, the owner of The Boat Store, and Josh Stickles, a Donzi employee, assured Mr. Mertz that the boat would conform to the representations in the Donzi literature.  Size and speed were Mr. Mertz' primary concerns when deciding which boat to purchase.

After Mr. Mertz accepted delivery of the boat in July 2002, he discovered that, even with "optional power", the boat could not exceed speeds of 80 mph and that the headroom in the cabin portion of the boat was only five feet, eleven inches.  In response to complaints from Mr. Mertz regarding the boat's lack of speed, Donzi sent Mark Smith, one of its technicians, to Erie to examine the boat.  Mr. Smith was unable to increase the speed of the boat and informed Mr.

---

[1] Defendants, in response, filed a Third Party Complaint against The Boat Store, seeking indemnity and/or contribution with respect to the claims asserted against them by Mr. Mertz.

Mertz that without substantial additional horsepower, the boat would not achieve the speeds represented in the Donzi literature. He further explained that due to structural problems, Donzi had decreased the headroom in the cabin portion of the boat. Mr. Szczesny, the owner of The Boat Store, also testified that the boat neither has nor will, without substantial modification, achieve speeds in excess of 90 mph.

Mr. Mertz soon discovered numerous other defects in the boat, including: a bulge in the sidewall of the boat due to the installation of an oversized firewall panel; a fuel leak emanating from the gasoline air tank vent; a damaged port outdrive; inappropriately sized propellers; damaged sea water pumps; a cracked engine head; multiple water leaks; human fecal matter and toilet paper sealed in the hull of the boat; discoloration of the seats caused by contact with the mooring cover; stains on the carpet; and scratches on the table and counter tops. In addition, Mr. Mertz learned that the boat was substantially heavier than the weight listed in the Donzi literature. Mr. Mertz has made numerous requests to Donzi to repair the above defects, all of which have been unsuccessful.

II.     **Damages**

As result of defendants' breach of express and implied warranties and violations of the UTPCPL and MMWA, Mr. Mertz has revoked his acceptance of the boat and is seeking to return the boat in exchange for a full refund of the boat's purchase price, $322,255.00, plus interest, costs of suit, and attorney's fees pursuant to Section 201-9.2 of the UTPCPL. Alternatively, Mr. Mertz is seeking to recover damages in the amount of $200,000.00, representing the difference between the value of the boat as delivered and the value of the boat had it been delivered as warranted, plus interest and treble damages pursuant to Section 2310(d)(2) of the MMWA.

### III. Witnesses

Plaintiff may call some or all of the following witnesses to testify during the trial:

|    |                                                          | **Liability** | **Damages** |
|----|----------------------------------------------------------|---------------|-------------|
| 1. | Thomas E. Mertz<br>5850 Ruhl Road<br>Fairview, PA 16415  | X             | X           |
| 2. | Gregory Szczesny<br>5676 Luna Lane<br>Erie, PA 16506     | X             |             |
| 3. | Gregory Savoia<br>4319 Emmet Drive<br>Erie, PA 16511     | X             |             |

In addition, plaintiff reserves the right to call any witness listed on defendants' or additional defendants' Pretrial Statements as well as any witness identified in the course of pretrial discovery.

### IV. Expert Witnesses

Plaintiff expects to call Charles J. Miller as an expert witness. A copy of Mr. Miller's preliminary expert report is attached hereto. Plaintiff will provide Mr. Miller's final report and his curriculum vitae at or before the pretrial conference. In his final report, Mr. Miller will opine that the boat, because it is overweight and because of the numerous defects described above, is not merchantable and cannot achieve the performance specifications represented in the Donzi literature. Plaintiff reserves the right to call any expert witness listed on defendants' or additional defendant's Pretrial Statements.

**V.   Exhibits**

Plaintiff expects to introduce into evidence some or all of the following exhibits during the trial:

    A.    Marine Purchase Agreement;

    B.    Donzi advertising brochures;

    C.    All correspondence between Mr. Mertz and defendants;

    D.    All correspondence between Mr. Mertz and additional defendant;

    E.    Photographs of the boat;

    F.    Transcripts of depositions taken during discovery;

    G.    All pleadings filed in this matter;

    H.    Any materials produced during discovery;

    I.    Excerpts from Power Boat Magazine;

    J.    Correspondence between Mr. Mertz and Marine Innovations Warranty Corp.;

    K.    Donzi Product Information Guides.

In addition, plaintiff reserves the right to introduce into evidence any of the exhibits listed on defendants' or additional defendant's Pretrial Statement as well as any exhibits identified during the course of discovery and deposition exhibits.

**VI.   Unusual Legal Issues**

At this time, plaintiff is unaware of any unusual legal issues that need to be addressed at the final pretrial conference.

- 6 -

| CERTIFICATE OF SERVICE |
|---|
| I hereby certify that a copy of this document was served upon all other parties appearing of record by First-Class United States Mail sent on <u>March 26, 2</u>007. <br><br> s/W. Patrick Delaney |

Respectfully submitted,


s/W. Patrick Delaney
W. Patrick Delaney
Matthew W. Fuchs
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7658

Attorneys for Plaintiff
 Thomas E. Mertz

1008991

- 6 -