IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. MERTZ,<br>     Plaintiff | : | CIVIL ACTION - LAW |
| v. | : | |
| DONZI MARINE, INC. and<br>AMERICAN MARINE HOLDINGS,<br>INC., in its own right and d/b/a<br>DONZI MARINE,<br>     Defendants and<br>     Third-Party Plaintiffs | : | <u>JURY TRIAL DEMANDED</u><br><br>THE HONORABLE MAURICE B. COHILL, JR. |
| v. | : | |
| THE BOAT STORE<br>     Third-Party Defendant | : | NO. 04-55E |

**MOTION TO AMEND THE THIRD PARTY COMPLAINT OF
DEFENDANTS AND THIRD-PARTY PLAINTIFFS,
DONZI MARINE, INC. AND AMERICAN MARINE HOLDINGS, INC.
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15 (a) AND (c)</u>**

Defendants and Third-Party Plaintiffs, Donzi Marine, Inc. and American Marine Holdings, Inc. (hereinafter "Donzi Marine"), through its attorneys at Sweeney & Sheehan, P.C., hereby submit a Motion to Amend the Third Party Complaint including a Memorandum of Law and aver as follows:

1.  On or about March 1, 2004, Plaintiff, Thomas E. Mertz (hereinafter "Plaintiff"), filed a Complaint against the Donzi Marine claiming breach of warranty, violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, and violations of the Magnuson-Moss Warranty Improvement Act.  (Attached hereto and marked as Exhibit "A" is a true and correct copy of Plaintiff's Complaint).

2.  Donzi Marine filed a timely Answer and Affirmative Defenses to Plaintiff's Complaint. (Attached hereto and marked as Exhibit "B" is a true and correct copy of Donzi Marine's Answer with Affirmative Defenses).

3.  On or about August 20, 2004, Donzi Marine filed a Third Party Complaint against Third Party Defendant, The Boat Store (hereinafter "the Boat Store"), and alleged that the Boat Store was liable for Plaintiff's claims against Donzi Marine. (Attached hereto and marked as Exhibit "C" is a true and correct copy of the Third Party Complaint).

4.  In the Third Party Complaint, Donzi Marine averred that the Boat Store was a business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a principle place of business located at 10170 West Main Road, Northeast, Pennsylvania 16428.

5.  In Paragraph 6 of Donzi Marine's Third Party Complaint, it is alleged that the Boat Store was at all times material hereto an authorized dealer of Donzi Marine with an exclusive territory including Northeastern Pennsylvania, encompassing Erie, Pennsylvania and its environs, and was the seller of the vessel in question to Plaintiff. (Attached hereto and marked as Exhibit "D" is a true and correct copy of the Purchase Agreement between the Boat Store and Plaintiff).

6.  After receiving timely service of the Third Party Complaint, the Boat Store filed an Answer with Affirmative Defenses. (Attached hereto and marked as Exhibit "E" is a true and correct copy of the Boat Store's Answer with Affirmative Defenses).

7.  In its Answer, the Boat Store admitted that it was a business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at 10170 West Main Road, Northeast, Pennsylvania, 16428. (See Answer paragraph

two).

8. Gregory Szczesny of the Boat Store also executed a Dealer Agreement in which he identified the Boat Store as its own corporate entity. (Attached hereto and marked as Exhibit "F" is a true and correct copy of the Dealer Agreement).

9. On or about February 2, 2005, Gregory Szczesny, was deposed as a representative or designee of the Boat Store.

10. Mr. Szczesny testified under oath that he founded the Boat Store in 1998. Mr. Szczesny testified that the Boat Store was a corporate entity and that he was the sole shareholder since 1998. He identified the Boat Store's location as 10170 West Main Road, Northeast, Pennsylvania. (See Deposition Testimony of Gregory Szczesny, Pgs. 6-7 and 9, attached hereto and marked as Exhibit "G").

11. The Boat Store is not a corporate or business entity that is licensed to conduct business in the Commonwealth of Pennsylvania.

12. Szczesny Enterprises, Inc. doing business as the Boat Store is a corporate entity licensed to conduct business in the Commonwealth of Pennsylvania. (See Business Entity Filing History from the Pennsylvania Department of State Website attached as Exhibit "H").

13. Gregory Szczesny is the President of Szczesny Enterprises, Inc. doing business as the Boat Store. (See Exhibit "H").

14. Gregory Szczesny is the same individual who presented himself as the representative or designee of the Boat Store for deposition on February 2, 2005.

15. Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend a pleading upon leave of court and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).

16. Pursuant to Federal Rule of Civil Procedure 15(c), an amendment of a pleading relates back to the date of the original pleading when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing Provision No. 2 is satisfied and, within the period provided by Rule 4(m) for service of the Summons and Complaint, the party to be brought in by amendment (a) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (b) new or should have known, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ P. 15(c)(1-3).

17. In this case, Donzi Marine requests an amendment of its Third Party Complaint to change the name of the Third Party Defendant from the Boat Store to Szczesny Enterprises, Inc. doing business as the Boat Store.

18. Donzi Marine's amendment to change the name of the Third Party Defendant concerns the same conduct, transaction and occurrence as set forth in the original Third Party Complaint, i.e., the sale of the subject vessel, the representations made by the Third Party Defendant, and the actions or omissions of the Third Party Defendant.

19. The interest of the proposed Third Party Defendant, Szczesny Enterprises, Inc. doing business as the Boat Store are identical to those of the Boat Store because these are the same business entities who at all times were represented by the same individual Gregory Szczesny.

20. Moreover, Gregory Szczesny as President of Szczesny Enterprises, Inc. doing business as the Boat Store has been fully involved in this litigation since the filing of the Third Party Complaint.

21. In fact, Mr. Szczesny had an Answer with Affirmative Defenses filed on behalf of the Boat Store.

22. Mr. Szczesny as a representative of the Boat Store had a full and fair opportunity to conduct and participate in the discovery process and even attended a deposition on February 2, 2005.

23. Mr. Szczesny as a representative of the Boat Store had a full and fair opportunity to prepare a defense to the allegations raised in the Third Party Complaint based upon his ongoing participation in this litigation.

24. Mr. Szczesny also misrepresented or concealed the true business status of the Boat Store by identifying it as a separate corporate entity in his Answer, the Dealer Agreement and deposition.

25. Clearly, Gregory Szczesny as President of Szczesny Enterprises, Inc. doing business as the Boat Store received notice of this lawsuit as the Boat Store filed an Answer with Affirmative Defenses to Donzi Marine's Third Party Complaint.

26. Szczesny Enterprises, Inc. doing business as the Boat Store will not be prejudiced in any manner by the request for an amendment of the pleading in the nature of a name change because Mr. Szczesny participated in this litigation from its inception including answering the Complaint, participating in discovery including a deposition and having the opportunity to prepare a full defense.

27.    Szczesny Enterprises, Inc. doing business as the Boat Store knew that it would be named as a Defendant based upon its attempt to misrepresent or conceal its true business name and status.

28.    Szczesny Enterprises, Inc. doing business as the Boat Store should be estopped from objecting to Donzi Marine's Amendment of its Third Party Complaint and request to change the name of the Third Party Defendant based upon its misleading conduct and concealment of its correct name, Szczesny Enterprises, Inc. doing business as The Boat Store.

29.    Donzi Marine's request to amend the name of the Third Party Defendant from the Boat Store to Szczesny Enterprises, Inc. doing business as the Boat Store should relate back to the filing date of the original Third Party Complaint based upon its compliance with Federal Rule of Civil Procedure 15 (c) (2) and (3).

**WHEREFORE**, the Defendants and Third Party Plaintiffs, Donzi Marine, Inc. and American Marine Holdings, Inc., respectfully request that this Honorable Court enter an Order granting The Motion to Amend the Third Party Complaint to change the name of the Third Party Defendant from the Boat Store to Szczesny Enterprises, Inc. doing business as the Boat

Store and direct the Clerk of the Court to remove the Boat Store from the caption in this matter and exchange it for Szczesny Enterprises, Inc. doing business as The Boat Store.

          Respectfully submitted,

          **SWEENEY & SHEEHAN**

BY: _____
          Warren E. Voter, Esquire
          Identification No.: 38410
          Attorney for Defendants and
          Third Party Plaintiffs,
          Donzi Marine, Inc. and American
          Holdings, Inc.

          1515 Market Street, 19th Floor
          Philadelphia, PA 19102
Date: April 11, 2007       215-563-9811