IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. MERTZ,<br>　　　Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | |
| | : | |
| DONZI MARINE, INC. and<br>AMERICAN MARINE HOLDINGS,<br>INC., in its own right and d/b/a<br>DONZI MARINE, | : | JURY TRIAL DEMANDED |
| 　　　Defendants and<br>　　　Third-Party Plaintiffs | : | THE HONORABLE MAURICE B. COHILL, JR. |
| v. | : | |
| THE BOAT STORE | : | |
| 　　　Third-Party Defendant | : | NO. 04-55E |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO AMEND THE THIRD PARTY COMPLAINT
OF DEFENDANTS AND THIRD-PARTY PLAINTIFFS,
DONZI MARINE, INC. AND AMERICAN MARINE HOLDINGS, INC.
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15 (a) AND (c)**

I.　**STATEMENT OF FACTS**

On or about March 1, 2004, Plaintiff, Thomas E. Mertz (hereinafter "Plaintiff"), filed a Complaint against the Donzi Marine claiming breach of warranty, violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, and violations of the Magnuson-Moss Warranty Improvement Act. (Attached hereto and marked as Exhibit "A" is a true and correct copy of Plaintiff's Complaint). Donzi Marine filed a timely Answer and Affirmative Defenses to Plaintiff's Complaint. (Attached hereto and marked as Exhibit "B" is a true and correct copy of Donzi Marine's Answer with Affirmative Defenses).

On or about August 20, 2004, Donzi Marine filed a Third Party Complaint against Third Party Defendant, The Boat Store (hereinafter "the Boat Store"), and alleged that the

Boat Store was liable for Plaintiff's claims against Donzi Marine. (Attached hereto and marked as Exhibit "C" is a true and correct copy of the Third Party Complaint). In the Third Party Complaint, Donzi Marine averred that the Boat Store was a business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a principle place of business located at 10170 West Main Road, Northeast, Pennsylvania 16428. In Paragraph 6 of Donzi Marine's Third Party Complaint, it is alleged that the Boat Store was at all times material hereto an authorized dealer of Donzi Marine with an exclusive territory including Northeastern Pennsylvania, encompassing Erie, Pennsylvania and its environs, and was the seller of the vessel in question to Plaintiff. (Attached hereto and marked as Exhibit "D" is a true and correct copy of the Purchase Agreement between the Boat Store and Plaintiff).

After receiving timely service of the Third Party Complaint, the Boat Store filed an Answer with Affirmative Defenses. (Attached hereto and marked as Exhibit "E" is a true and correct copy of the Boat Store's Answer with Affirmative Defenses). In its Answer, the Boat Store admitted that it was a business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at 10170 West Main Road, Northeast, Pennsylvania, 16428. (See Answer paragraph two).

Gregory Szczesny of the Boat Store also executed a Dealer Agreement in which he identified the Boat Store as its own corporate entity. (Attached hereto and marked as Exhibit "F" is a true and correct copy of the Dealer Agreement).

On or about February 2, 2005, Gregory Szczesny, was deposed as a representative or designee of the Boat Store. Mr. Szczesny testified under oath that he founded the Boat Store in 1998. Mr. Szczesny testified that the Boat Store was a corporate entity and that he was the

sole shareholder since 1998. He identified the Boat Store's location as 10170 West Main Road, Northeast, Pennsylvania. (See Deposition Testimony of Gregory Szczesny, Pgs. 6-7 and 9, attached hereto and marked as Exhibit "G").

Contrary to the Dealer Agreement, Mr. Szczesny's sworn deposition testimony, and the pleadings filed on behalf of the Boat Store, the Boat Store is not a corporate or business entity that is licensed to conduct business in the Commonwealth of Pennsylvania. Szczesny Enterprises, Inc. doing business as the Boat Store is a corporate entity licensed to conduct business in the Commonwealth of Pennsylvania. (See Business Entity Filing History from the Pennsylvania Department of State Website attached as Exhibit "H"). Gregory Szczesny is the President of Szczesny Enterprises, Inc. doing business as the Boat Store. (See Exhibit "H"). Gregory Szczesny is the same individual who presented himself as the representative or designee of the Boat Store for deposition on February 2, 2005.

## II.   QUESTION PRESENTED

Should this Court grant Donzi Marine's Motion to Amend its Third Party Complaint to change the name of the Third Party Defendant from the Boat Store to its correct business name, Szczesny Enterprises, Inc. doing business as the Boat Store?

     Answer:      Yes.

### III. LEGAL DISCUSSION

    A.    **Donzi Marine's Motion to Amend the Third Party Complaint is Granted and the Third Party Defendant's name is changed from the Boat Store to Szczesny Enterprises, Inc. doing business as the Boat Store**

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend a pleading upon leave of court and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).

Pursuant to Federal Rule of Civil Procedure 15(c), an amendment of a pleading relates back to the date of the original pleading when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing Provision No. 2 is satisfied and, within the period provided by Rule 4(m) for service of the Summons and Complaint, the party to be brought in by amendment (a) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (b) new or should have known, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ P. 15(c)(1-3).

In this case, Donzi Marine requests an amendment of its Third Party Complaint to change the name of the Third Party Defendant from the Boat Store to Szczesny Enterprises, Inc. doing business as the Boat Store. Donzi Marine's amendment to change the name of the Third Party Defendant concerns the same conduct, transaction and occurrence as set forth in the original Third Party Complaint, i.e., the sale of the subject vessel, the representations

4

made by the Third Party Defendant, and the actions or omissions of the Third Party Defendant. The interest of the proposed Third Party Defendant, Szczesny Enterprises, Inc. doing business as the Boat Store are identical to those of the Boat Store because these are the same business entities who at all times were represented by the same individual Gregory Szczesny.

Moreover, Gregory Szczesny as President of Szczesny Enterprises, Inc. doing business as the Boat Store has been fully involved in this litigation since its inception. In fact, Mr. Szczesny had an Answer with Affirmative Defenses filed on behalf of the Boat Store. Mr. Szczesny as a representative of the Boat Store had a full and fair opportunity to conduct and participate in the discovery process and even attended a deposition on February 2, 2005. Mr. Szczesny as a representative of the Boat Store had a full and fair opportunity to prepare a defense to the allegations raised in the Third Party Complaint based upon his ongoing participation in this litigation.

Clearly, Gregory Szczesny as President of Szczesny Enterprises, Inc. doing business as the Boat Store received notice of this lawsuit as the Boat Store filed an Answer with Affirmative Defenses to Donzi Marine's Third Party Complaint. Szczesny Enterprises, Inc. doing business as the Boat Store will not be prejudiced in any manner by the request for an amendment of the pleading in the nature of a name change because Mr. Szczesny participated in this litigation from its inception including answering the Complaint, participating in discovery including a deposition and having the opportunity to prepare a full defense.

Szczesny Enterprises, Inc. doing business as the Boat Store knew that it would be named as a Defendant based upon its attempt to misrepresent or conceal its true business name

5

and status. Szczesny Enterprises, Inc. doing business as the Boat Store should be estopped from objecting to Donzi Marine's Amendment of its Third Party Complaint and request to change the name of the Third Party Defendant based upon its misleading conduct and concealment of its correct name, Szczesny Enterprises, Inc. doing business as The Boat Store.

Donzi Marine proved that its requested amendment relates to the same conduct, transaction and occurrence set forth in the original Third Party Complaint. Donzi Marine established that it is simply requesting a change in the naming of the Third Party Defendant and that the proposed Third Party Defendant, Szczesny Enterprises, Inc, had notice of this suit, participated in this suit, and knew that it would be brought into this suit once its true corporate identity was established. There is clearly no prejudice to Szczesny Enterprises, Inc, if this Court allows the requested amendment to change the name of the Third Party Defendant. Based upon the foregoing reasons, Donzi Marine's request to amend the name of the Third Party Defendant from the Boat Store to Szczesny Enterprises, Inc. doing business as the Boat Store should relate back to the filing date of the original Third Party Complaint because it complied with Federal Rule of Civil Procedure 15 (c) (2) and (3). Accordingly, Donzi Marine respectfully requests that this Honorable Court Grant its Motion to Amend.

The following cases provide a further basis to support Donzi Marine's request to amend the Third Party Complaint to change the name of the Third Party Defendant. (See, Dandrea v. Malsbary Manu. Co., 839 F.2d 163 (3rd Cir. 1988)(granting a motion to amend the complaint to include corporation's new name under relation back rule); Greiss v. Main Line Auto Wash, 1989 WL 81514 (E.D. Pa. 1989)(holding that Plaintiff was entitled to amend his complaint to correct the name of the corporation from Peugeot, Inc. to Peugeot Motors of America, Inc.,

the appropriate name of the corporate entity); <u>Dunham v. Innerst</u>, 50 F.R.D. 372 (M.D. Pa. 1970)(granting Plaintiff's Motion to Amend to correct naming of Defendant from corporation to individual partners of architectural firm).

In each of the above-cited cases, the Courts allowed an amendment of a pleading to change the name of a party to the correct business name and entity in accordance with Federal Rule of Civil Procedure 15, the relation back rule. This case is similar to the cited cases because Donzi Marine is requesting an amendment of the Third Party Complaint to change the name of Third Party Defendant from the Boat Store to Szczesny Enterprises, Inc. doing business as the Boat Store, the correct corporate entity. Szczesny Enterprises, Inc. clearly had notice and an opportunity to participate and defend in this current litigation. There is no prejudice to Szczesny Enterprises, Inc. if this Court grants Donzi Marine's Motion to Amend. Accordingly, Donzi Marine respectfully requests that this Honorable Court grant its Motion to Amend.

    **B.**    **Equitable principles mandate the tolling of the statute of limitations and allow for the changing of the name of the Third Party Defendant from the Boat Store to Szczesny Enterprises, Inc. doing business as the Boat Store**

In the alternative, it is clear that the Boat Store through Gregory Szczesny actively misled or failed to notify Donzi Marine that the correct corporate entity was Szczesny Enterprises, Inc. doing business as the Boat Store. (See Answer, deposition and Dealer Agreement attached as exhibits E, F, and G). Based on this conduct, Donzi Marine requests that this Court toll the statute of limitations and allow an amendment of the pleadings to correctly name Szczesny Enterprises, Inc. doing business as the Boat Store as the Third Party Defendant based upon principles of equity. <u>See</u>, <u>Kocian v. Getty Ref. & Mktg. Co.</u>, 707 F.2d

748 (3rd Cir.), cert. denied, 464 U.S. 852 (1983)(holding that equitable tolling of limitations period may be appropriate if the defendant has actively misled the plaintiff or plaintiff has been prevented from asserting his/her rights).

IV.   **CONCLUSION**

For all of the above reasons, Donzi Marine respectfully requests that this Honorable Court grant its Motion to Amend the Third Party Complaint and change the name of the Third Party Defendant from the Boat Store to Szczesny Enterprises, Inc. doing business as the Boat Store pursuant to Federal Rule of Civil Procedure 15.  In the alternative, Donzi Marine respectfully requests that this Honorable Court grant its Motion to Amend, toll the statute of limitations based on equitable principles and allow the requested party name change.

Respectfully submitted,

SWEENEY & SHEEHAN

BY: _____
Warren E. Voter, Esquire
Identification No.: 38410
Attorney for Defendants and
Third Party Plaintiffs,
Donzi Marine, Inc. and American
Holdings, Inc.

1515 Market Street, 19th Floor
Philadelphia, PA 19102
215-563-9811

Date:   April 11, 2007