*Exhibit "B"*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. MERTZ,<br>Plaintiff | : | CIVIL ACTION - LAW |
| v. | : | |
| DONZI MARINE, INC. and<br>AMERICAN MARINE HOLDINGS,<br>INC., in its own right and d/b/a<br>DONZI MARINE,<br>Defendants | : | NO. 04-55E |

RECEIVED APR 14 2004 CLERK U.S. DISTRICT COURT WEST. DIST. OF PENNSYLVANIA

**ANSWER OF DEFENDANTS, DONZI MARINE, INC. AND
AMERICAN MARINE HOLDINGS, INC., TO PLAINTIFF'S COMPLAINT**

1. Admitted.

2. Denied as stated. It is denied that Donzi Marine, Inc., hereinafter referred to as "Donzi," is a corporation organized or existing under the laws of the state of Delaware. By way of further answer, Donzi avers that it is an operating division of American Marine Holdings, Inc.

3. Denied as stated. American Marine Holdings, Inc., hereinafter referred to as "AMH," admits that is a corporation organized and existing under the laws of the state of Delaware. It denies that its principal place of business is located at 1201 Hays Street, Suite 105, Tallahassee, Florida, and on the contrary states that its principal place of business is located at 7110 Twenty-First Street East, Sarasota, Florida 34243.

4. Denied as a conclusion of law; proof is demanded, if relevant.

5. Denied as a conclusion of law; proof is demanded, if relevant.

APR 1 9 2004

6. Admitted.

7. Denied as stated. The document will speak for itself.

8. Admitted.

9. Denied. After reasonable investigation, Answering Defendants are without information sufficient to admit or deny the averments of this paragraph. Strict proof is demanded at the time of trial. By way of further answer, some or all of the averments constitute conclusions of law.

10. Denied. After reasonable investigation, Answering Defendants are without information sufficient to admit or deny the averments of this paragraph. Strict proof is demanded at the time of trial. By way of further answer, some or all of the averments constitute conclusions of law.

11. Denied. After reasonable investigation, Answering Defendants are without information sufficient to admit or deny the averments of this paragraph. Strict proof is demanded at the time of trial. By way of further answer, some or all of the averments constitute conclusions of law.

12. Denied. After reasonable investigation, Answering Defendants are without information sufficient to admit or deny the averments of this paragraph. Strict proof is demanded at the time of trial. By way of further answer, some or all of the averments constitute conclusions of law. By way of further answer, some of the correspondence referred to in the Complaint constitute self-serving statements and conclusions to which no response is necessary; to the extent that the same are not conclusions of law, actual basis of the same are in dispute and proof is demanded. Any correspondence initiated by Defendants, their agents, servants, officers or employees speaks for itself.

13. Denied as conclusions of law; proof is demanded, if relevant.

14. Denied as stated. The correspondence speaks for itself.

15. Denied as stated. The averments set forth in paragraph 15 relate to statements made by an entity over whom this party lacks control. Marine Innovations Warranty Corp. does not and did not administer the warranty on this vessel.

16. Denied as a conclusion of law; proof is demanded, if relevant.

**WHEREFORE,** Answering Defendants demand judgment in their favor.

## COUNT I

17. Answering Defendants incorporate by reference their answers to the averments contained in paragraphs 1 through 16 hereof as fully as if the same had been set forth herein at length.

18. Denied as a conclusion of law; proof is demanded.

19. Denied as a conclusion of law; proof is demanded.

**WHEREFORE,** Answering Defendants demand judgment in their favor.

## COUNT II

20. Answering Defendants incorporate by reference their answers to the averments contained in paragraphs 1 through 19 hereof as fully as if the same had been set forth herein at length.

21. The allegations contained in paragraph 21 constitute conclusions of law. Proof is demanded.

22. Denied. The allegations contained in paragraph 22 constitute conclusions of law. Proof is demanded, if relevant.

**WHEREFORE,** Answering Defendants demand judgment in their favor.

## COUNT III

23. Answering Defendants incorporate by reference their answers to the averments contained in paragraphs 1 through 22 hereof as fully as if the same had been set forth herein at length.

24. Denied. The allegations contained in paragraph 24 constitute conclusions of law.

25. Denied. The statute will speak for itself. The basis for any award is disputed and proof is demanded, if relevant. By way of further answer, the allegation constitutes a conclusion of law.

**WHEREFORE,** Answering Defendants demand judgment in their favor.

### FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's cause of action is barred by his own contributory and/or comparative negligence.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are the result of his own conduct, and they are, therefore, barred.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's alleged claims were caused by the abuse and misuse of the product in question.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's warranty claims are modified by his execution and agreement to a limited warranty, a copy of which is attached hereto, made a part hereof and marked as Exhibit "A".

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the limitation and modification of warranties as set forth by

the Plaintiff's acceptance of the limited warranty attached hereto, made a part hereof and marked as Exhibit "A".

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred by the applicable Statute of Limitations.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff may have failed to provide the Defendants with proper notice of the alleged breach of warranties, express or implied.

### EIGHTH AFFIRMATIVE DEFENSE

The non-conformities alleged in Plaintiff's Complaint did not substantially impair the use, value or safety of the boat in question.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action which justifies the award of treble damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, must be reduced by a reasonable allowance for the Plaintiff's use of the boat.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust administrative remedies prior to the filing of the within action.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and limited by the defense of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and limited by the defense of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

The defects and/or non-conformities alleged to exist in the boat are the result of actions by the Plaintiff and/or third parties over which Answering Defendants exercise no control.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery should be barred or limited due to his failure to mitigate damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery of attorneys' fees on one or more of the claims asserted in the Complaint.

**WHEREFORE,** Answering Defendants demand judgment in their favor.

SWEENEY & SHEEHAN

By: _____
Donald J.P. Sweeney
Attorney for Defendants,
Donzi Marine, Inc. and
American Marine Holdings, Inc.

Identification No. 03696
Nineteenth Floor
1515 Market Street
Philadelphia, PA 19102
(215) 563-9811

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. MERTZ,<br>    Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | |
| | : | |
| DONZI MARINE, INC. and<br>AMERICAN MARINE HOLDINGS,<br>INC., in its own right and d/b/a<br>DONZI MARINE, | : | |
|     Defendants | : | NO. 04-55E |

## CERTIFICATION OF SERVICE

I, DONALD J.P. SWEENEY, hereby certify that the following counsel of record were served with a true and correct copy of the Answer of Defendants, Donzi Marine, Inc. and American Marine Holdings, Inc., Answer to Plaintiff's Complaint in the above-captioned matter by U.S. Postal Service, First Class Mail on April 13, 2004.

    James E. Spoden, Esquire
    **MacDONALD, ILLIG, JONES & BRITTON LLP**
    100 State Street, Suite 700
    Erie, Pennsylvania 16507-1459

                                                      DONALD J.P. SWEENEY

**EXHIBIT "A"**

## DONZI® MARINE LIMITED WARRANTY

**1. Five Year Limited Hull Warranty.** Donzi warrants to the original retail purchaser ("Purchaser") that for five (5) years after the date of delivery to its original retail purchaser, each new fiberglass hull manufactured by Donzi shall be free from structural defects due to material or workmanship under normal non-commercial use; provided that Purchaser shall register this warranty in writing with Donzi.

**2. One Year Components Warranty.** Donzi warrants to Purchaser that for one (1) year after the date of delivery to its original retail purchaser, all boat components manufactured by Donzi shall be free from defects due to material or workmanship under normal non-commercial use.

**3. Exclusions.** This limited warranty does not cover and does not extend to any of the following:

(a) Hull or component failure caused by normal wear and tear, climatic conditions, misuse, neglect, lack of proper maintenance, accident, fire or other casualty damage, racing, overloading, negligence, modification, or commercial use; (b) windshield leakage or breakage; (c) repaired or replacement components not installed by Donzi, unless installed by Donzi's selling dealer in accordance with this warranty; (d) fading, chalking blistering or cracking of any varnish, gelcoat, paint, anti-fouling coating or metallic finish; (e) tears, cracking, fading, discoloration or mildewing of curtains, cushions, top, headliners or other fabric or upholstered items; (f) cost of removal or reinstallation of any component (including components manufactured by Donzi), or disassembly and reassembly of the unit containing the component; (g) speed, weight, fuel consumption and other performance characteristics of the boat. **ANY ORAL STATEMENT OR PRINTED ADVERTISING REGARDING ANY PERFORMANCE CHARACTERISTIC OF THE BOAT OR ITS COMPONENTS SHALL BE CONSIDERED AN ESTIMATE ONLY AND SHALL NOT BE RELIED UPON AS EXPRESS WARRANTY OR AS A BASIS OF THE BARGAIN FOR THE BOAT OR ITS COMPONENTS;** (h) electrolysis, galvanic corrosion, crevice corrosion, or any deterioration of underwater components; (i) components not manufactured by Donzi, whether or not warranted by the other manufacturer, even if installed by Donzi, including but not limited to engines, propellers, generator sets, controls, electronics, batteries, appliances and air conditioning. Warranties provided to Donzi by component manufacturers shall be passed on to purchaser to the extent such transfer is permitted by the manufacturer; Donzi's selling dealer will identify the authorized service dealer for any such components upon request.

**4. Limitations.** THE REPAIR OR REPLACEMENT OF DEFECTIVE PARTS SHALL BE PURCHASER'S SOLE AND EXCLUSIVE REMEDY AND DONZI'S SOLE AND EXCLUSIVE LIABILITY UNDER THIS WARRANTY. Donzi's obligation under this warranty is limited to the repair or replacement (at Donzi's sole election) of any covered item found to be defective, when delivered by the currently registered owner pursuant to written authorization and instructions from Donzi, round-trip transportation prepaid by Purchaser, to Donzi's manufacturing plant or other designated repair facility. Repaired or replaced items are warranted as provided herein for the unexpired portion of the applicable warranty period.

THIS WARRANTY, AND THE RIGHTS AND REMEDIES UNDER IT, IS EXCLUSIVE AND IS GIVEN IN PLACE OF ALL OTHER WARRANTIES, WHETHER EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR PARTICULAR PURPOSE, WHETHER ARISING BY LAW, CUSTOM, CONDUCT OR USAGE OF TRADE. PURCHASER'S REMEDIES SHALL BE LIMITED AS STATED HEREIN AND DONZI SHALL NOT BE LIABLE FOR ANY INCIDENTAL, CONSEQUENTIAL OR INDIRECT DAMAGES OR LOSSES RESULTING FROM DEFECTS.

THIS LIMITED WARRANTY GIVES PURCHASER SPECIFIC LEGAL RIGHTS. PURCHASER MAY HAVE OTHER RIGHTS WHICH MAY VARY FROM STATE TO STATE. IN THE EVENT THAT IMPLIED WARRANTIES ARE FOUND TO EXIST UNDER THE LAW OF A PARTICULAR STATE NOTWITHSTANDING THE EXCLUSION CONTAINED HEREIN, THE DURATION OF ANY SUCH WARRANTY SHALL BE LIMITED TO THE DURATION OF THE APPLICABLE LIMITED WARRANTY STATED HEREIN.

THE SELLING DEALER IS NOT A CO-WARRANTOR AND IS NOT AUTHORIZED BY DONZI TO AMEND OR MODIFY THIS LIMITED WARRANTY IN ANY MANNER.

[Continued on reverse side of page.]

5. **Predelivery Examination.** Purchaser represents to Donzi that Purchaser has examined the boat and all its component parts, accessories and equipment, to Purchaser's full satisfaction prior to accepting delivery of the boat from Donzi, or in the alternative, has been given full opportunity to do so and has declined.

6. **Transferability of Warranty.** This limited warranty may be transferred to subsequent purchasers of the boat during the warranty period, provided that such subsequent purchaser pays the required transfer fee to Donzi and registers his ownership with Donzi within thirty (30) days of such purchase.

7. **Miscellaneous.** Donzi Marine is a division of American Marine Holdings, Inc. Donzi reserves the right to make changes in the design and construction of its products at any time, without notice and without any obligation to incorporate such changes into products of prior manufacture. This limited warranty applies to new boats manufactured by Donzi, except as such limited warranty may be transferred to a subsequent purchaser as provided herein. The term "new boats" shall include boats that may have been repaired during the manufacturing process as part of Donzi's quality assurance program. This limited warranty contains the entire agreement between Donzi and Purchaser and supersedes all prior agreements, discussions, negotiations, commitments and representations, whether oral or written, between them regarding Donzi's warranty. If any provision of this limited warranty, or the application of it, is determined to be invalid or unenforceable for any reason, the remainder of this limited warranty and the application of it shall not be affected.

All communications and notices from Purchaser regarding this limited warranty should be sent to : DONZI MARINE, Director of Customer Satisfaction, P.O. Box 987 Tallevast, FL 34270-0987. Telephone: (941) 727-0622.

8. **Acknowledgment of Limited Warranty.** By signing below, Purchaser (or each Purchaser, if more than one) agrees that he or she has read this limited warranty in its entirety and understands its terms and conditions. Purchaser (or each of them) acknowledges receipt of a copy of this limited warranty at the time of the sale.

DONZI

## Warranty Registration

| | |
|---|---|
| Hull Identification: | DNAZ8001E203 |
| Model: | 38ZXD |
| Purchased: | 8/5/02 |
| Model_Year: | 2003 |
| Owner Last Name: | MERTZ |
| Owner First Name: | THOMAS |
| Owner Middle Name: | |
| Address: | 5850 RUHL RD. |
| Address: | |
| Address: | |
| City: | FAIRVIEW |
| State: | PA |
| Zip: | 16415 |
| Country: | USA |
| Telephone: | 814-474-1878 |
| Work Phone: | 814-838-9777 |
| EMail Address: | |
| Warranty Expiration: | 8/4/07 |
| Comments: | WARRANTY CARD RECEIVED 10/26/02 |
| Dealer: | The Boat Store/Northeast Tire & Auto |

---

RECEIVED OCT 26 2002    WARRANTY CARD ENTERED NOV 0 4 2002

By signing this card, I the purchaser, acknowledge having read and fully understand the following terms and conditions of attached limited warranty.

Owner's Name: Thomas Mertz    Home Phone #: (814) 474-1878
Address: 5850 RUHL RD.    Work Phone #: (814) 838-9777
City: FAIRVIEW    State: PA    Zip Code: 16415    E-Mail:
Dealer: THE BOAT STORE    Boat Model: 38ZX DAYTONA    Boat Serial #: DNAZ8001E203
Make of Engine(s): MERCRUISER 575 SCI    Horsepower of Each:
Engine Serial # Port: OM900086    Engine Serial # Ctr:    Engine Serial # Stbd: OM900071
Outdrive Serial # Port: OM133722    Outdrive Serial # Ctr:    Outdrive Serial # Stbd: OM133721
Date of Purchase: 8-5-02    Date of Delivery: 8-5-02
Comments:
Dealer Signature: Gregory Szegesny    Date: 10/21/02
Purchaser Signature: Thomas Mertz    Date: 10/21/02