# Exhibit "C"

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

RECEIVED

| | | |
|---|---|---|
| THOMAS E. MERTZ, | : | CIVIL ACTION - LAW    AUG 2 0 2004 |
| Plaintiff | : | |
| | : | CLERK U.S. DISTRICT COURT |
| v. | : | WEST. DIST. OF PENNSYLVANIA |
| | : | JURY TRIAL DEMANDED |
| DONZI MARINE, INC. and | : | |
| AMERICAN MARINE HOLDINGS, | : | |
| INC., in its own right and d/b/a | : | |
| DONZI MARINE, | : | |
| Defendants and | : | THE HONORABLE MAURICE B. COHILL, JR. |
| Third-Party Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| THE BOAT STORE | : | |
| 10170 West Main Road | : | |
| Northeast, Pennsylvania 16428 | : | |
| Third-Party Defendant | : | NO. 04-55E |

**THIRD-PARTY COMPLAINT OF
DEFENDANTS, DONZI MARINE, INC., AND
AMERICAN MARINE HOLDINGS, INC.**

1.      Third-Party Plaintiffs herein are Donzi Marine, a Division of American Marine Holdings, and American Marine Holdings, in its own right, which entities maintain a principal place of business located in Tallevest, Florida.

2.      Third-Party Defendant, The Boat Store, is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 10170 West Main Road, Northeast, Pennsylvania 16428.

3.      Defendants and Third-Party Plaintiffs were sued as Defendants in a claim brought against

them by Plaintiff, Thomas Mertz, as will appear by reference to a copy of the Plaintiff's Complaint, attached hereto, made a part hereof, and marked as Exhibit "A".

4.    In his Complaint, Plaintiff alleges certain defects, deficiencies and breaches of expressed and implied warranties which he allegedly found in the subject vessel, a Donzi ZX38, as will appear by reference to paragraphs 9 through 15 of Plaintiff's Complaint, as well as Counts I, II, and III of the said Complaint.

5.    Defendants and Third-Party Plaintiffs, Donzi Marine, Inc. and American Marine Holdings, Inc., filed an Answer to the Plaintiff's Complaint, as will appear by reference to a copy of the same, attached hereto, made a part hereof, and marked as Exhibit "B".

6.    Third-Party Defendant, The Boat Store, was at all times material hereto an authorized dealer of Donzi Marine, a Division of American Marine Holdings, with an exclusive territory including northeastern Pennsylvania, encompassing Erie, Pennsylvania and its environs, and was the seller of the vessel in question to the Plaintiff.  A copy of the Purchase Agreement is attached hereto, made a part hereof, and marked as Exhibit "C".

7.    Third-Party Defendant, The Boat Store, was an authorized dealer of Donzi Marine vessels and, as such, was bound by the terms and conditions of the dealer agreement entered into between the Third-Party Defendant, The Boat Store, and the Defendants and Third-Party Plaintiffs, a copy of which is not attached as it is believed to be in the possession of the Third-Party Defendant, The Boat Store.

8.    At all times material hereto, it is averred that actions taken on behalf of The Boat Store were undertaken by its agents, officers, servants and employees, acting then and there in the scope and course of their employment on behalf of The Boat Store and in furtherance of its aims.

9.    Pursuant to its obligations as an authorized dealer, The Boat Store was, among other things, charged with transmitting warranty documents to the Plaintiff, obtaining customer signatures on

the documents, and supplying the same to Defendants and Third-Party Plaintiffs. By way of further

allegation, The Boat Store, acting as aforesaid, was obligated to accept warranty claims filed by the

Plaintiff and transmit the same to the Defendants and Third-Party Plaintiffs for review and authorization.

10.     Plaintiff's deposition was taken on July 9, 2004 in Erie, Pennsylvania, at which time the

Plaintiff under oath made the following claims:

(a)     The warranty documents forwarded to the Defendants by The Boat Store

contained a signature that was not that of the Plaintiff.

(b)     The Boat Store permitted and encouraged Plaintiff to do his own "warranty work"

on the subject vessel, which practice is neither authorized nor permitted by Donzi and/or American

Marine, which activities being in direct violation of the Third-Party Defendant's status as an authorized

dealer of Donzi products.

(c)     The Boat Store, acting as aforesaid, encouraged the Plaintiff to complete work on

his own on the vessel in question and in return for which The Boat Store is alleged to have submitted

warranty claims to Donzi for payment, Plaintiff receiving a GPS navigational device, all in derogation of

the duties of The Boat Store, both to the Defendants/Third-Party Plaintiffs and to the Plaintiff himself.

In addition to the foregoing, The Boat Store, acting as aforesaid, may have improperly installed

propellers, and may have inappropriately prepared the vessel for delivery to the Plaintiff, including but

not limited to some of the deficiencies allegedly found by the Plaintiff in the vessel.

(d)     In addition, The Boat Store, acting as aforesaid, did not properly advise Plaintiff

as to the existence and obligations of the warranty covering the vessel in question and how best to make

claims under said warranty so as to lead Plaintiff to believe that Defendants/Third-Party Plaintiffs were

not fully and fairly discharging their obligations to the Plaintiff. In addition, Defendants/Third-Party

Plaintiffs believe and therefore aver that certain other activities set forth in the Plaintiff's Complaint may

have been exacerbated by activities of The Boat Store acting as aforesaid as such information will be further developed during the course of discovery in this litigation.

**WHEREFORE,** Defendants and Third-Party Plaintiffs, Donzi Marine, Inc., a Division of American Marine Holdings, Inc., and American Marine Holdings, Inc., in its own right, demands judgment against the Third-Party Defendant, The Boat Store, for indemnity and/or contribution for any sums judicially determined to be due from these Defendants and Third-Party Plaintiffs to the Plaintiff, any liability on the part of these parties being expressly denied.

Respectfully submitted,

**SWEENEY & SHEEHAN**

By: _____
Donald J. P. Sweeney
Attorney for Defendants,
Donzi Marine, Inc. and
American Marine Holdings, Inc.

Identification No. 03696
Nineteenth Floor
1515 Market Street
Philadelphia, PA 19102
(215) 563-9811

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS E. MERTZ,             :      CIVIL ACTION - LAW
       Plaintiff           :
                          :
       v.                      :
                          :
DONZI MARINE, INC. and        :      <u>JURY TRIAL DEMANDED</u>
AMERICAN MARINE HOLDINGS,    :
INC., in its own right and d/b/a      :
DONZI MARINE,                :
       Defendants and          :      THE HONORABLE MAURICE B. COHILL, JR.
       Third-Party Plaintiffs     :
       v.                      :
                          :
THE BOAT STORE            :
       Third-Party Defendant     :      NO. 04-55E

## CERTIFICATION OF SERVICE

I, DONALD J.P. SWEENEY, hereby certify that the following counsel of record were served

with a true and correct copy of Defendants', Donzi Marine, Inc., a Division of American Marine

Holdings, Inc. and American Marine Holdings, Inc., Third Party Complaint in the above-captioned

matter by U.S. Postal Service, First Class Mail on August 17, 2004.

> Eric J. Purchase, Esquire
> Matthew W. Fuchs, Esquire
> **MacDONALD, ILLIG, JONES & BRITTON LLP**
> 100 State Street, Suite 700
> Erie, Pennsylvania 16507-1459

DONALD J.P. SWEENEY

**EXHIBIT "A"**

AO 440 (Rev., 8/01) Summons in a Civil Action

# United States District Court

Western  District of  Pennsylvania

Thomas E. Mertz,
  Plaintiff

v.

Donzi Marine, Inc. and American
Marine Holdings, Inc., in its own
right and d/b/a Donzi Marine,
  Defendants

**SUMMONS IN A CIVIL CASE**

CASE NO.: 04-55C

MAR 0 1 2004

By

TO:    American Marine Holdings, Inc.
       1201 Hays Street, Suite 105
       Tallahassee, Florida 32301

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address):

  James E. Spoden, Esquire
  Eric J. Purchase, Esquire
  MacDonald, Illig, Jones & Britton LLP
  100 State Street, Suite 700
  Erie, PA 16507

an answer to the complaint which is served on you with this summons, within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

(By) DEPUTY CLERK

DATE    2-23-04

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. MERTZ, | ) | CIVIL ACTION |
| Plaintiff | ) | |
| | ) | |
| v. | ) | NO. 2003 - _____ |
| | ) | |
| DONZI MARINE, INC. and AMERICAN | ) | |
| MARINE HOLDINGS, INC., in its own | | |
| right and d/b/a DONZI MARINE | | |
| Defendants | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Thomas E. Mertz, by his attorneys, MacDonald, Illig, Jones & Britton LLP, files

this Complaint against defendants Donzi Marine, Inc. and American Marine Holdings Inc.,

stating as follows:

## THE PARTIES

1.    Plaintiff Thomas E. Mertz, an individual, is a citizen of the Commonwealth of

Pennsylvania, who resides at 5850 Ruhl Road, Fairview, Pennsylvania 16415.

2.    Defendant Donzi Marine, Inc. (hereinafter "Donzi") is a corporation organized

under the laws of the State of Delaware with its principal place of business at 7110 21st Street

East, Sarasota, Florida 34243. It is believed that Donzi is a wholly owned subsidiary of

American Marine Holdings, Inc.

3.    Defendant American Marine Holdings, Inc. (hereinafter "AMH") is a corporation

organized under the laws of Delaware with its principle place of business at 1201 Hays Street,

Suite 105, Tallahassee, Florida 32301. It is believed that at all times relevant to this dispute

AMH exclusively controlled and/or conducted business as Donzi Marine.

## JURISDICTION

4.     Jurisdiction in this case is based on diversity of citizenship of the parties and the amount in controversy, which exceeds $75,000.00, exclusive of interest and costs.

5.     Jurisdiction is also based on the existence of a federal question. This action arises under the Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §§ 2301-2312, as is shown more fully in this Complaint.

## FACTUAL ALLEGATIONS

6.     On May 8, 2002, plaintiff purchased a motorboat, a Donzi 38ZX Daytona, from The Boat Store located at 10170 West Main Road, North East, Pennsylvania.

7.     According to the Purchase Agreement, a copy of which is attached hereto as Exhibit A, the purchase price for the boat, including optional equipment and accessories, was $322,255.00.

8.     Defendant Donzi manufactured the boat.

9.     Prior to purchasing the boat, plaintiff received advertising brochures from Donzi, which indicated that the 38ZX was "[c]apable of speeds in excess of 90 miles per hour" or "100 miles per hour (with optional power)." In addition, the brochures advertised that the headroom in the cabin portion of the 38ZX was six feet, three inches. Copies of these brochures are attached hereto as Exhibit B.

10.     Plaintiff, in purchasing the boat, reasonably relied on the affirmations contained in the advertising brochures.

11.    After delivery of the boat, plaintiff discovered that, even with "optional power," the boat could not exceed speeds of eighty (80) miles per hour and that the headroom in the cabin portion of the boat was only five feet, eleven inches.

12.    Plaintiff also discovered numerous other defects in the boat, which included:

   a)    a bulge in the boat's sidewall due to the installation of an oversized firewall panel;

   b)    a fuel leak emanating from the gasoline tank air vent;

   c)    a damaged port outdrive;

   d)    inappropriately sized propellers;

   e)    discoloration of the seats caused by contact with the mooring cover;

   f)    stains on the carpet; and

   g)    scratches on the table and counter tops.

These defects are described more fully in the December 12, 2003 correspondence from plaintiff's counsel to Donzi, with all attachments, copies of which are attached hereto as Exhibit C:

13.    Plaintiff has made several requests to Donzi to repair the above defects, all of which have been unsuccessful.

14.    In the course of investigating his claim, plaintiff learned from Kathy Mueller, Donzi's Director of Customer Service, that his boat was covered under the "Z-Care" warranty package.  (See November 4, 2002 correspondence from Kathy Mueller to plaintiff attached hereto as part of Exhibit C).  Despite numerous requests, plaintiff has yet to receive a copy of the "Z-Care" warranty manual.

15.    Plaintiff subsequently learned from Marine Innovations Warranty Corp., the administrator of the "Z-Care" warranty program, that "American Holdings d/b/a Donzi Marine"

03/01/2004 MON 14:51  FAX 941 739 9609 CUSTOMER SERVICE >>> Steve Herb    ☒006/034

never paid for the warranty coverage on his boat. (See January 19, 2004 correspondence from Marine Innovations Warranty Corp. to plaintiff attached hereto as Exhibit D).

16.    As a result of the defects described in paragraphs 8 through 11, plaintiff has sustained damages in excess of $75,000.00, representing the difference in the purchase price of the boat and its fair market value as delivered.

## COUNT I - BREACH OF WARRANTY

17.    Plaintiff incorporates by reference all of the averments set forth in Paragraphs 1 through 16 as if fully set forth herein.

18.    Defendant Donzi expressly and/or impliedly warranted that the boat was merchantable and fit for a particular purpose.

19.    Donzi breached said warranties by failing, within a reasonable time, to make any effort to cure the defects described in Paragraphs 8 through 11.

WHEREFORE, plaintiff demands judgment against defendants for a sum exceeding $75,000.00, with interest and costs.

## COUNT II - VIOLATIONS OF PENNSYLVANIA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

20.    Plaintiff incorporates by reference all of the averments set forth in Paragraphs 1 through 19 as if fully set forth herein.

4

21.    Defendant Donzi, as a result of the conduct described above, has committed violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1-209-6.   Specifically, Donzi has violated the following subsections of 73 P.S. § 201-2(4):

> (v)   Representing that goods or services have characteristics, ingredients, uses, benefits or quantities that they do not have . . .;

> . . . .

> (vii) Representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model, if they are of another;

> . . . .

> (ix)  Advertising goods or services with intent not to sell them as advertised;

> . . . .

> (xiv)  Failing to comply with terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods has been made.

> . . . .

> (xxi)  Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding.

22.    73 P.S. § 201-9.2 authorizes this Court to award up to three times plaintiff's actual damages.

WHEREFORE plaintiff demands judgment against defendants for a sum exceeding $75,000.00, with interest and costs.

5

### COUNT III - VIOLATIONS OF THE MAGNUSON-MOSS WARRANTY IMPROVEMENT ACT

23.    Plaintiff incorporates by reference all of the averments set forth in Paragraphs 1 through 22 as if fully set forth herein.

24.    Defendant Donzi, as a result of the conduct described above, has committed violations of the Magnuson-Moss Warranty Improvement Act ("MMWA"), 15 U.S.C. §§ 2301-2312. Specifically, Donzi has failed to comply with its obligations under a written warranty, implied warranty or service contract in violation of 15 U.S.C. § 2310(d)(1).

25.    15 U.S.C. § 2310(d)(2) authorizes this Court to award plaintiff's reasonable attorneys' fees.

WHEREFORE plaintiff demands judgment against defendants for a sum exceeding $75,000.00, with interest, costs and reasonable attorney's fees.

### A JURY TRIAL IS DEMANDED AS TO ALL ISSUES.

Respectfully submitted,

James E. Spoden
Eric J. Purchase
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7710

Attorneys for Plaintiff
Thomas E. Mertz

6

**EXHIBIT "B"**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS E. MERTZ,                  :      CIVIL ACTION - LAW
      Plaintiff                :
                      :
   v.                             :
                      :
DONZI MARINE, INC. and            :
AMERICAN MARINE HOLDINGS,         :
INC., in its own right and d/b/a  :
DONZI MARINE,                     :
      Defendants               :      NO. 04-55E

**RECEIVED**

**APR 1 4 2004**

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## ANSWER OF DEFENDANTS, DONZI MARINE, INC. AND AMERICAN MARINE HOLDINGS, INC., TO PLAINTIFF'S COMPLAINT

1.     Admitted.

2.     Denied as stated. It is denied that Donzi Marine, Inc., hereinafter referred to as "Donzi," is a corporation organized or existing under the laws of the state of Delaware. By way of further answer, Donzi avers that it is an operating division of American Marine Holdings, Inc.

3.     Denied as stated. American Marine Holdings, Inc., hereinafter referred to as "AMH," admits that is a corporation organized and existing under the laws of the state of Delaware. It denies that its principal place of business is located at 1201 Hays Street, Suite 105, Tallahassee, Florida, and on the contrary states that its principal place of business is located at 7110 Twenty-First Street East, Sarasota, Florida 34243.

4.     Denied as a conclusion of law; proof is demanded, if relevant.

5.     Denied as a conclusion of law; proof is demanded, if relevant.

6.      Admitted.

7.      Denied as stated.  The document will speak for itself.

8.      Admitted.

9.      Denied.  After reasonable investigation, Answering Defendants are without information sufficient to admit or deny the averments of this paragraph.  Strict proof is demanded at the time of trial.  By way of further answer, some or all of the averments constitute conclusions of law.

10.      Denied.  After reasonable investigation, Answering Defendants are without information sufficient to admit or deny the averments of this paragraph.  Strict proof is demanded at the time of trial.  By way of further answer, some or all of the averments constitute conclusions of law.

11.      Denied.  After reasonable investigation, Answering Defendants are without information sufficient to admit or deny the averments of this paragraph.  Strict proof is demanded at the time of trial.  By way of further answer, some or all of the averments constitute conclusions of law.

12.      Denied.  After reasonable investigation, Answering Defendants are without information sufficient to admit or deny the averments of this paragraph.  Strict proof is demanded at the time of trial.  By way of further answer, some or all of the averments constitute conclusions of law.  By way of further answer, some of the correspondence referred to in the Complaint constitute self-serving statements and conclusions to which no response is necessary; to the extent that the same are not conclusions of law, actual basis of the same are in dispute and proof is demanded.  Any correspondence initiated by Defendants, their agents, servants, officers or employees speaks for itself.

13.     Denied as conclusions of law; proof is demanded, if relevant.

14.     Denied as stated.  The correspondence speaks for itself.

15.     Denied as stated.  The averments set forth in paragraph 15 relate to statements made by an entity over whom this party lacks control.  Marine Innovations Warranty Corp. does not and did not administer the warranty on this vessel.

16.     Denied as a conclusion of law; proof is demanded, if relevant.

**WHEREFORE,** Answering Defendants demand judgment in their favor.

<u>**COUNT I**</u>

17.     Answering Defendants incorporate by reference their answers to the averments contained in paragraphs 1 through 16 hereof as fully as if the same had been set forth herein at length.

18.     Denied as a conclusion of law; proof is demanded.

19.     Denied as a conclusion of law; proof is demanded.

**WHEREFORE,** Answering Defendants demand judgment in their favor.

<u>**COUNT II**</u>

20.     Answering Defendants incorporate by reference their answers to the averments contained in paragraphs 1 through 19 hereof as fully as if the same had been set forth herein at length.

21.     The allegations contained in paragraph 21 constitute conclusions of law.  Proof is demanded.

22.     Denied.  The allegations contained in paragraph 22 constitute conclusions of law.  Proof is demanded, if relevant.

**WHEREFORE,** Answering Defendants demand judgment in their favor.

## COUNT III

23.    Answering Defendants incorporate by reference their answers to the averments contained in paragraphs 1 through 22 hereof as fully as if the same had been set forth herein at length.

24.    Denied.  The allegations contained in paragraph 24 constitute conclusions of law.

25.    Denied.  The statute will speak for itself.  The basis for any award is disputed and proof is demanded, if relevant.  By way of further answer, the allegation constitutes a conclusion of law.

**WHEREFORE,** Answering Defendants demand judgment in their favor.

### FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's cause of action is barred by his own contributory and/or comparative negligence.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are the result of his own conduct, and they are, therefore, barred.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's alleged claims were caused by the abuse and misuse of the product in question.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's warranty claims are modified by his execution and agreement to a limited warranty, a copy of which is attached hereto, made a part hereof and marked as Exhibit "A".

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the limitation and modification of warranties as set forth by

the Plaintiff's acceptance of the limited warranty attached hereto, made a part hereof and marked as Exhibit "A".

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred by the applicable Statute of Limitations.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff may have failed to provide the Defendants with proper notice of the alleged breach of warranties, express or implied.

### EIGHTH AFFIRMATIVE DEFENSE

The non-conformities alleged in Plaintiff's Complaint did not substantially impair the use, value or safety of the boat in question.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action which justifies the award of treble damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, must be reduced by a reasonable allowance for the Plaintiff's use of the boat.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust administrative remedies prior to the filing of the within action.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and limited by the defense of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and limited by the defense of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

The defects and/or non-conformities alleged to exist in the boat are the result of actions

by the Plaintiff and/or third parties over which Answering Defendants exercise no control.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery should be barred or limited due to his failure to mitigate damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery of attorneys' fees on one or more of the claims

asserted in the Complaint.

**WHEREFORE,** Answering Defendants demand judgment in their favor.

SWEENEY & SHEEHAN

By: _____
Donald J.P. Sweeney
Attorney for Defendants,
Donzi Marine, Inc. and
American Marine Holdings, Inc.

Identification No. 03696
Nineteenth Floor
1515 Market Street
Philadelphia, PA 19102
(215) 563-9811

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS E. MERTZ,                    :    CIVIL ACTION - LAW
       Plaintiff                 :
                :
    v.                           :
                :
DONZI MARINE, INC. and              :
AMERICAN MARINE HOLDINGS,           :
INC., in its own right and d/b/a    :
DONZI MARINE,                       :
       Defendants                :    NO. 04-55E

## CERTIFICATION OF SERVICE

I, DONALD J.P. SWEENEY, hereby certify that the following counsel of record were

served with a true and correct copy of the Answer of Defendants, Donzi Marine, Inc. and

American Marine Holdings, Inc., Answer to Plaintiff's Complaint in the above-captioned

matter by U.S. Postal Service, First Class Mail on April 13, 2004.

      James E. Spoden, Esquire
      **MacDONALD, ILLIG, JONES & BRITTON LLP**
      100 State Street, Suite 700
      Erie, Pennsylvania 16507-1459

              DONALD J.P. SWEENEY

**EXHIBIT "A"**

## DONZI® MARINE LIMITED WARRANTY

**. Five Year Limited Hull Warranty.** Donzi warrants to the original retail purchaser ("Purchaser") that for five (5) years after the date of elivery to its original retail purchaser, each new fiberglass hull manufactured by Donzi shall be free from structural defects due to material or /orkmanship under normal non-commercial use; provided that Purchaser shall register this warranty in writing with Donzi.

**:. One Year Components Warranty.** Donzi warrants to Purchaser that for one (1) year after the date of delivery to its original retail ourchaser, all boat components manufactured by Donzi shall be free from defects due to material or workmanship under normal non-commercial use.

**3. Exclusions.** This limited warranty does not cover and does not extend to any of the following:

**(a)** Hull or component failure caused by normal wear and tear, climatic conditions, misuse, neglect, lack of proper maintenance, accident, fire or other casualty damage, racing, overloading, negligence, modification, or commercial use; **(b)** windshield leakage or breakage; **(c)** repaired or replacement components not installed by Donzi, unless installed by Donzi's selling dealer in accordance with this warranty; **(d)** fading, chalking blistering or cracking of any varnish, gelcoat, paint, anti-fouling coating or metallic finish; **(e)** tears, cracking, fading, discoloration or mildewing of curtains, cushions, top, headliners or other fabric or upholstered items; **(f)** cost of removal or reinstallation of any component (including components manufactured by Donzi), or disassembly and reassembly of the unit containing the component; **(g)** speed, weight, fuel consumption and other performance characteristics of the boat. **ANY ORAL STATEMENT OR PRINTED ADVERTISING REGARDING ANY PERFORMANCE CHARACTERISTIC OF THE BOAT OR ITS COMPONENTS SHALL BE CONSIDERED AN ESTIMATE ONLY AND SHALL NOT BE RELIED UPON AS EXPRESS WARRANTY OR AS A BASIS OF THE BARGAIN FOR THE BOAT OR ITS COMPONENTS; (h)** electrolysis, galvanic corrosion, crevice corrosion, or any deterioration of underwater components; **(i)** components not manufactured by Donzi, whether or not warranted by the other manufacturer, even if installed by Donzi, including but not limited to engines, propellers, generator sets, controls, electronics, batteries, appliances and air conditioning. Warranties provided to Donzi by component manufacturers shall be passed on to purchaser to the extent such transfer is permitted by the manufacturer; Donzi's selling dealer will identify the authorized service dealer for any such components upon request.

**4. Limitations. THE REPAIR OR REPLACEMENT OF DEFECTIVE PARTS SHALL BE PURCHASER'S SOLE AND EXCLUSIVE REMEDY AND DONZI'S SOLE AND EXCLUSIVE LIABILITY UNDER THIS WARRANTY.** Donzi's obligation under this warranty is limited to the repair or replacement (at Donzi's sole election) of any covered item found to be defective, when delivered by the currently registered owner pursuant to written authorization and instructions from Donzi, round-trip transportation prepaid by Purchaser, to Donzi's manufacturing plant or other designated repair facility. Repaired or replaced items are warranted as provided herein for the unexpired portion of the applicable warranty period.

**THIS WARRANTY, AND THE RIGHTS AND REMEDIES UNDER IT, IS EXCLUSIVE AND IS GIVEN IN PLACE OF ALL OTHER WARRANTIES, WHETHER EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR PARTICULAR PURPOSE, WHETHER ARISING BY LAW, CUSTOM, CONDUCT OR USAGE OF TRADE. PURCHASER'S REMEDIES SHALL BE LIMITED AS STATED HEREIN AND DONZI SHALL NOT BE LIABLE FOR ANY INCIDENTAL, CONSEQUENTIAL OR INDIRECT DAMAGES OR LOSSES RESULTING FROM DEFECTS.**

**THIS LIMITED WARRANTY GIVES PURCHASER SPECIFIC LEGAL RIGHTS. PURCHASER MAY HAVE OTHER RIGHTS WHICH MAY VARY FROM STATE TO STATE. IN THE EVENT THAT IMPLIED WARRANTIES ARE FOUND TO EXIST UNDER THE LAW OF A PARTICULAR STATE NOTWITHSTANDING THE EXCLUSION CONTAINED HEREIN, THE DURATION OF ANY SUCH WARRANTY SHALL BE LIMITED TO THE DURATION OF THE APPLICABLE LIMITED WARRANTY STATED HEREIN.**

**THE SELLING DEALER IS NOT A CO-WARRANTOR AND IS NOT AUTHORIZED BY DONZI TO AMEND OR MODIFY THIS LIMITED WARRANTY IN ANY MANNER.**

[Continued on reverse side of page.]

**5.    Predelivery Examination.**  Purchaser represents to Donzi that Purchaser has examined the boat and all its component parts, accessories and equipment, to Purchaser's full satisfaction prior to accepting delivery of the boat from Donzi, or in the alternative, has been given full opportunity to do so and has declined.

**6.    Transferability of Warranty.**  This limited warranty may be transferred to subsequent purchasers of the boat during the warranty period, provided that such subsequent purchaser pays the required transfer fee to Donzi and registers his ownership with Donzi within thirty (30) days of such purchase.

**7.    Miscellaneous.**  Donzi Marine is a division of American Marine Holdings, Inc. Donzi reserves the right to make changes in the design and construction of its products at any time, without notice and without any obligation to incorporate such changes into products of prior manufacture.  This limited warranty applies to new boats manufactured by Donzi, except as such limited warranty may be transferred to a subsequent purchaser as provided herein. The term "new boats" shall include boats that may have been repaired during the manufacturing process as part of Donzi's quality assurance program. This limited warranty contains the entire agreement between Donzi and Purchaser and supersedes all prior agreements, discussions, negotiations, commitments and representations, whether oral or written, between them regarding Donzi's warranty. If any provision of this limited warranty, or the application of it, is determined to be invalid or unenforceable for any reason, the remainder of this limited warranty and the application of it shall not be affected.

All communications and notices from Purchaser regarding this limited warranty should be sent to : DONZI MARINE, Director of Customer Satisfaction, P.O. Box 987 Tallevast, FL 34270-0987. Telephone: (941) 727-0622.

**8.    Acknowledgement of Limited Warranty.**  By signing below, Purchaser (or each Purchaser, if more than one) agrees that he or she has read this limited warranty in its entirety and understands its terms and conditions.  Purchaser (or each of them) acknowledges receipt of a copy of this limited warranty at the time of the sale.

# DONZI

## Warranty Registration

| | |
|---|---|
| Hull Identification: | DNAZ8001E203 |
| Model: | 38ZXD |
| Purchased: | 8/5/02 |
| Model_Year: | 2003 |
| Owner Last Name: | MERTZ |
| Owner First Name: | THOMAS |
| Owner Middle Name: | |
| Address: | 5850 RUHL RD. |
| Address: | |
| Address: | |
| City: | FAIRVIEW |
| State: | PA |
| Zip: | 16415 |
| Country: | USA |
| Telephone: | 814-474-1878 |
| Work Phone: | 814-838-9777 |
| EMail Address: | |
| Warranty Expiration: | 8/4/07 |
| Comments: | WARRANTY CARD RECEIVED 10/26/02 |
| Dealer: | The Boat Store/Northeast Tire & Auto |

RECEIVED OCT 2 6 2002   **WARRANTY CARD** ENTERED NOV 0 4 2002

By signing this card, the purchaser, acknowledge having read and fully understand the following terms and conditions of attached limited warranty.

Owner's Name _Thomas Mertz_     Home Phone # (814) _474-1878_

Address _5850 RUHL RD._     Work Phone # (814) _838-9777_

City _FAIRVIEW_     State _PA._     Zip Code _16415_     E-Mail _____

Dealer _THE BOAT STORE_     Boat Model _38ZX DAYTONA_     Boat Serial # _DNAZ8001E203_

Make of Engine(s) _MERCRUISER 575 SCI_     Horsepower of Each _____

Engine Serial # Port _OM900086_     Engine Serial # Ctr. _____     Engine Serial # Stbd. _OM900071_

Outdrive Serial # Port _OM133722_     Outdrive Serial # Ctr. _____     Outdrive Serial # Stbd. _OM133721_

Date of Purchase _8-5-02_     Date of Delivery _8-5-02_

Comments _____

Dealer Signature _Gregory Smigielski_     Date _10|21|02_

Purchaser Signature _Tomas Mertz_     Date _10|21|02_

**EXHIBIT "C"**

APR-06-2004  13:21    THE BOAT STORE NE,PA    814  725 6999   P.02/02

**THE BOAT STORE**
10170 W. Main Rd.
North East, PA 16428
(814) 725-6999

# PURCHASE AGREEMENT

SUBJECT TO THE TERMS AND CONDITIONS STATED ON BOTH SIDES OF THIS AGREEMENT.
SELLER AGREES TO SELL AND THE BUYER AGREES TO BUY THE FOLLOWING DESCRIBED PROPERTY.

| SOLD TO | THOMAS HERTZ | HOME PHONE 814-474-1878 | BUS PHONE 814-838-9777 | DATE 5/8/02 |
|---|---|---|---|---|
| ADDRESS | 3850 BRILL Rd | | CITY FAIRVIEW | STATE PA | ZIP 16415 |

| STOCK NO. | COLOR Maraca Yellow 38 | LOA 38 | BEAM 93 | | | |
|---|---|---|---|---|---|---|

| MAKE OF BOAT DONZI | YEAR 2002 | MODEL & TYPE 38ZX DAYTONA | SERIAL NO. | ☑NEW ☐USED | $338,215.00 |
| MAKE OF MOTOR / ENGINE #1 MERCURY | YEAR 2003 | MODEL, HP & FUEL TYPE 575 SCi | SERIAL NO. | ORDER #1 | ☑NEW ☐USED | $ |
| MAKE OF MOTOR / ENGINE #2 MERCURY | YEAR 2003 | MODEL, HP & FUEL TYPE 575 SCi | ST.NO. | ORDER #1 | ☑NEW ☐USED | $ |
| MAKE OF TRAILER | YEAR | MODEL & TYPE | SERIAL NO. | | ☐NEW ☐USED | |

| OPTIONAL EQUIPMENT/ACCESSORIES | AMOUNT |
|---|---|
| Air Cond & Heat | $5,228.00 |
| Carbon Monoxide Detector | 150.00 |
| Compass Digital | 300.00 |
| Convenience Pkg | 2,248.00 |
| Depth Finder Digital | 307.00 |
| Electronics Pkg | 1,778.00 |
| Fume Detector | 242.00 |
| Head Outlet 110V | 121.00 |
| H2O Vac w/Brush w/Holder | |
| Tank w/Macerator & Valve | 1928.00 |
| Hour Meters | 200.00 |
| Transom Shower | 157.00 |
| Television w/unipack | 6,301.00 |
| Water Heater | 807.00 |
| Bow Rails | 500.00 |
| Flow Meters (Sonic) | 1,870.00 |
| Mean Streak Graphics | 5,800.00 |
| **TOTAL OPTIONAL EQUIPMENT/ACCESSORIES** | **$22,871.00** |

| | |
|---|---|
| TOTAL PURCHASE ABOVE | $338,215.00 |
| OPTIONAL EQUIPMENT/ACCESSORIES | 22,871.00 |
| SALES TAX (if applicable) | |
| DEALER PREP. | |
| LABOR / INSTALL | |
| DEL. AND / OR LAUNCHING | |
| FREIGHT | |
| SUB-TOTAL | $361,086.00 |
| TOTAL TRADE-IN ALLOWANCE | 15,000.00 |
| LESS BALANCE DUE ON ABOVE | |
| NET ALLOWANCE | 346,086.00 |
| DISCOUNT | NET SALE $ 44,988.00 |
| SALES TAX (if not included above) | |
| TITLE - REGISTRATION - OFFICE FEES | $10,000 Discount − 10,000.00 |
| | For 9 month Delivery Date |
| CASH SALE PRICE | $261,098.00 |
| SALES LESS TOTAL PAYMENTS | 15,665.00 |
| Documentation | 500.00 |
| UNPAID BALANCE OF CASH SALE PRICE | $277,435.00 |

| DESCRIPTION OF TRADE-IN | | | |
|---|---|---|---|
| BOAT NAME Sonata | YEAR 1998 | SIZE 32 | SERIAL NO. SONZSR156 TBSNPB2035000 |
| MOTOR NAME Mercury | YEAR 88 | HP 310 | SERIAL NO. |
| MOTOR NAME Mercury | YEAR 88 | HP 310 | SERIAL NO. |
| TRAILER NAME Engine 2000 | YEAR 310 | HP | SERIAL NO. 474X00AR0891272  19000.00 |
| AMOUNT OWING | TO WHOM | | |
| **TOTAL TRADE-IN ALLOWANCE** | | | **$45,000.00** |

TRADE-IN DEBT TO BE PAID BY   ☐ DEALER   ☑ CUSTOMER

TITLE TO THE ABOVE DESCRIBED EQUIPMENT SHALL BE TRANSFERRED TO BUYER WHEN BUYER HAS MADE PAYMENT IN FULL FOR THE EQUIPMENT.

☐ WHEN THIS BOX IS CHECKED, THE UNIT WHICH IS THE SUBJECT OF THIS CONTRACT IS BEING SOLD ON AN "AS IS" BASIS. THE ENTIRE RISK AS TO THE QUALITY AND PERFORMANCE OF THIS UNIT IS WITH THE PURCHASER.

THE PARTIES TO THIS AGREEMENT ARE AWARE THAT THE TRADE-IN ALLOWANCE OR THE PURCHASE PRICE SHOWN ABOVE MAY REQUIRE ADJUSTMENTS PURSUANT TO THE PROVISIONS OF PARAGRAPHS 5, 6, 7, AND 11 OF THE TERMS AND CONDITIONS ON THE REVERSE SIDE OF THIS DOCUMENT.

**SPECIAL TERMS AND CONDITIONS**

No Scoops (new decals)
Mean Streak Graphics
Primary Color Purple
Secondary Color Yellow
* No Donzi on windscreen
* No Daytona on Engine Hatch
* No Donzi on Forward Deck
Bow Rails on each side of
Deck   STORE The Boat Store

Buyer certifies that he/she has read the Terms and Conditions on the back of this document and agrees that they shall be incorporated as part of this Agreement. Buyer certifies the following: 1) he /she is of legal age to enter into this Agreement; 2) the above described equipment and insurance (if applicable) have been purchased voluntarily; 3) the trade-in is free from all liens and encumbrances other than those listed herein. Buyer agrees that all provisions to this Agreement (including the Terms and Conditions on the reverse side hereof) are severable. If any provision is held to be invalid, it shall not affect the other provisions, which shall be given full force and effect.

I, OR WE, HEREBY ACKNOWLEDGE RECEIPT OF A COPY OF THIS ORDER AND THAT I, OR WE HAVE READ THE BACK OF THIS AGREEMENT.
I, OR WE, ALSO AGREE THAT THE BALANCE WILL BE PAID BY ☐ CASH, ☐ BANK DRAFT, ☐ CERTIFIED CHECK, OR IN THE EXECUTION OF A RETAIL INSTALLMENT CONTRACT OR A SECURITY AGREEMENT AND ITS ACCEPTANCE BY A FINANCING AGENCY.

X _Thomas Z. Hertz_   BUYER

X _Conditional on 9%_   BUYER

By _Gregory W. Gildey_   DEALER

APR 06 2004

TOTAL P.02