*Exhibit "E"*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS E. MERTZ,
    *Plaintiff*

v.

DONZI MARINE, INC., and AMERICAN
MARINE HOLDINGS, INC., in its own right      Civil Action No. 04-55E
and d/b/a DONZI MARINE,
    *Defendants and
    Third-Party Plaintiffs*

v.

THE BOAT STORE,
    *Third-Party Defendant*

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTER-CLAIM TO THIRD-PARTY COMPLAINT OF DEFENDANTS DONZI MARINE, INC. AND AMERICAN MARINE HOLDINGS, INC.

AND NOW comes the Third-Party Defendant, The Boat Store, by and through its attorneys, Murphy Taylor, L.L.C., and denies all liability in the Third-Party Complaint as follows:

1. Admitted.

2. Admitted.

3. Upon information and belief, admitted.

4. Denied as stated. The Third-Party Complaint speaks for itself.

5. Denied as stated; the answer of Defendants and Third-Party Plaintiffs speaks for itself.

6. Denied as stated. It is admitted that The Boat Store was an authorized dealer of Donzi Marine, a division of American Marine Holdings, Inc., relative to the sale of the subject vessel to Plaintiff. In further answer, the Purchase Agreement speaks for itself, and Defendants characterization of the same is denied.

7. This Third-Party Defendant admits that it was an authorized dealer of Donzi Marine vessels. The remaining allegations are conclusions of law, and are denied as the same.

8. After reasonable investigation, this Third-Party Defendant is without information sufficient to form a belief as to the truth or falsity of the matters alleged in this paragraph; the allegations are therefore denied, strict proof demanded at trial.

9. Denied as stated. It is admitted that The Boat Store was an authorized dealer and was involved with transmitting warranty documents to the Plaintiff, interacting with the customer, and supplying the documents to the Defendants. In further answer, this Third-Party Defendant received warranty claims, on occasion, and transmitted them to the Defendants.

10. After reasonable investigation, this Third-Party Defendant is without information sufficient to form a belief as to the truth or falsity of the matters alleged in this paragraph; the allegations are therefore denied, strict proof demanded at trial. This Third-Party Defendant has not had an opportunity to review the deposition transcript. Further, the Plaintiff's deposition testimony speaks for itself, and this Third-Party Defendant does not admit the accuracy of the testimony. In further answer:

   a. After reasonable investigation, this Third-Party Defendant is without information sufficient to form a belief as to the truth or falsity of the matters alleged in this paragraph; the allegations are therefore denied, strict proof demanded at trial.

   b. Denied. Plaintiff volunteered to perform minor tasks on his own vessel. Plaintiff was never encouraged to perform his own "warranty work", and this Third-Party Defendant has no knowledge of any substantial repairs performed on the vessel by Plaintiff.

2

    c.      Denied as stated. It is denied that The Boat Store improperly installed propellers or inappropriately prepared the vessel for delivery to the Plaintiff. All service was performed in a workmanlike manner. As to the remaining allegations, after reasonable investigation, this Third-Party Defendant is without information sufficient to form a belief as to the truth or falsity of the matters alleged in this paragraph; the allegations are therefore denied, strict proof demanded at trial.

    d.      This averment is denied as containing conclusions of law. In further answer, after reasonable investigation, this Third-Party Defendant is without information sufficient to form a belief as to the truth or falsity of the matters alleged in this paragraph; the allegations are therefore denied, strict proof demanded at trial.

WHEREFORE, the Third-Party Defendant The Boat Store demands judgment in its favor and against Third-Party Plaintiffs, Donzi Marine, Inc. and American Marine Holdings, Inc., with costs, attorneys' fees, and such other relief that this Court deems appropriate.

### *First Affirmative Defense*

11.    Third-Party Plaintiffs state no claim upon which relief may be granted under Pennsylvania law.

### *Second Affirmative Defense*

12.    The Boat Store did not breach any contract and did not breach any dealership obligations with Third-Party Plaintiffs.

### *Third Affirmative Defense*

13.    Plaintiff's and Third-Party Plaintiffs' claims are barred, in whole and in part, by the applicable statute of limitation.

### *Fourth Affirmative Defense*

14. Plaintiff's and Third-Party Plaintiffs' claims are barred by the defense of estoppel

### *Fifth Affirmative Defense*

15. Plaintiff's and Third-Party Plaintiffs' claims are barred by the affirmative defense of accord and satisfaction, settlement, or release.

### *Sixth Affirmative Defense*

16. Any action that was taken by The Boat Store and/or its employees or agents was done pursuant to a course of dealing or custom of the industry of which Third-Party Plaintiffs were aware, or should have been aware.

### *Seventh Affirmative Defense*

17. Plaintiff's and Third-Party Plaintiffs' claims are barred by the defenses of contributory and/or comparative negligence.

### *Eighth Affirmative Defense*

18. Third-Party Defendant The Boat Store hereby incorporates by reference as if set forth in full all of the affirmative defenses raised in the Answer of Defendants Donzi Marine, Inc. and American Marine Holdings, Inc. to Plaintiff's Complaint, and asserts them as a bar to all claims stated against this Third-Party Defendant.

### *Counterclaim Against Third-Party Plaintiffs*

19. Third-Party Defendant The Boat Store hereby incorporates by reference as if set forth in full all of his Answer with affirmative defenses.

20. If as a result of the matters alleged in the Plaintiff's Complaint, Third-Party Defendant The Boat Store is held liable to Plaintiff for all or part of such injuries or damages as he may have sustained, then Third-Party Plaintiffs and Defendants are the parties primarily liable for such injuries and damages, and are liable over to this Third-Party Defendant, by way of contribution and/or indemnification, for all such damages as it may be required to pay the Plaintiff.

21. If as a result of the matters alleged in Plaintiff's Complaint, Third-Party Defendant The Boat Store is held liable to Plaintiff for all or part of such injuries or damages as he may have sustained, then Defendants and Third-Party Plaintiffs are jointly and/or severally liable to the Plaintiff for such injuries and damages and liable over to Third-Party Defendant by way of contribution for all such damages that it may be required to pay to Plaintiff.

WHEREFORE, the Third-Party Defendant The Boat Store demands judgment in its favor and against Third-Party Plaintiffs, Donzi Marine, Inc. and American Marine Holdings, Inc., with costs, attorneys' fees, and such other relief that this Court deems appropriate.

**JURY TRIAL DEMANDED**

Respectfully submitted,

MURPHY TAYLOR, L.L.C.

By: _____
Gary D. Bax, Esq.
900 State Street, Suite 202
Erie, Pennsylvania 16501
(814) 459-0234
I.D. No. 38520
*Attorneys for Third-Party Defendant The Boat Store*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS E. MERTZ,
    *Plaintiff*

v.

DONZI MARINE, INC., and AMERICAN
MARINE HOLDINGS, INC., in its own right      Civil Action No. 04-55E
and d/b/a DONZI MARINE,
    *Defendants and*
    *Third-Party Plaintiffs*

v.

THE BOAT STORE,
    *Third-Party Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Third-Party Defendant The Boat Store's Answer, Affirmative Defenses and Counter-Claim to Third-Party Complaint of Defendants Donzi Marine, Inc. a American Marine Holdings, Inc. was served upon the following, this 8th day of November, 2004:

    Donald J.P. Sweeney, Esq.
    Sweeney & Sheehan
    Nineteenth Floor
    1515 Market Street
    Philadelphia, PA 19102

    Matthew W. Fuchs, Esq.
    100 State Street, Suite 700
    Erie, PA 16507

Respectfully submitted,

MURPHY TAYLOR, L.L.C.

By: _____
Gary D. Bax, Esq.
900 State Street, Suite 202
Erie, Pennsylvania 16501
(814) 459-0234
I.D. No. 38520
*Attorneys for The Boat Store*