IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. MERTZ, <br>     Plaintiff <br> v. <br><br> DONZI MARINE, INC. and <br> AMERICAN MARINE HOLDINGS, <br> INC., in its own right and d/b/a <br> DONZI MARINE, <br>     Defendants and <br>     Third-Party Plaintiffs <br> v. <br><br> THE BOAT STORE <br>     Third-Party Defendant | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION - LAW <br><br><br> <u>JURY TRIAL DEMANDED</u> <br><br><br><br><br><br> THE HONORABLE MAURICE B. COHILL, JR. <br><br><br><br><br> NO. 04-55E |

**PRETRIAL STATEMENT OF DEFENDANTS,
DONZI MARINE, INC. AND AMERICAN MARINE
<u>HOLDINGS, INC., in its own right and d/b/a DONZI MARINE</u>**

Defendants, Donzi Marine, Inc. and American Marine Holdings, Inc., in its own right and d/b/a Donzi Marine, submits this Pretrial Statement pursuant to Local Rule 16.1.5(C):

I. **STATEMENT OF MATERIAL FACTS**

This breach of warranty action arises from the Plaintiff's purchase of a 2003 Donzi 38 ZX Daytona motorboat on May 8, 2002. The boat was manufactured by Donzi and sold by its authorized dealer, The Boat Store, which was located in North East, Pennsylvania. Plaintiff paid $322,255.00 for the boat which was delivered to him on or about August 5, 2002. After accepting delivery of the boat, Plaintiff became dissatisfied with certain of the boat's characteristics. As a result, he filed a Complaint on February 23, 2004 against Donzi Marine, Inc. and American Marine Holdings, Inc., in its own right and d/b/a Donzi Marine, alleging breach of warranty, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, and violation of the Magnuson-Moss Warranty Act. Thereafter, the Donzi

Defendants joined The Boat Store as a Third-Party Defendant, seeking indemnification and contribution arising from The Boat Store's negligent and/or fraudulent actions in connection with its performance of warranty repairs and its submission of warranty claims to Donzi with regard to Plaintiff's boat.

Plaintiff took delivery of the boat on or about August 5, 2002. At that time, the owner of The Boat Store, Greg Szczesny, and the Plaintiff performed a new boat, pre-delivery inspection. At that time, they reviewed all of the operating systems in the boat and performed a running water test. Although there were a couple of issues pertaining to the instruments and the hydraulic trim, the boat was satisfactory and Plaintiff signed off on the inspection sheet. At the time the boat was delivered, a new owner's package was contained inside the boat. In that package, there was a Donzi Marine Limited Warranty. The initial Donzi Marine Limited Warranty provides a five year limited hull warranty and a one year component warranty, with certain exclusions and limitations. In addition, Plaintiff received the Z-Care Warranty containing extended coverage, again with certain limitations and disclaimers as more fully set forth in the warranty itself. Plaintiff actually reviewed and received the Z-Care warranty information prior to purchase. A warranty registration card was submitted for the Plaintiff's boat in October, 2002, a few months after delivery of the boat. Although Plaintiff denies completing and submitting the warranty card, it was filled out by someone on his behalf and submitted to Donzi.

Plaintiff claims that, after he took delivery of the boat, he became dissatisfied that the maximum speed of the boat could not exceed 80 miles per hour and that the head room in the cabin portion of the boat was only 5 feet, 11 inches. Mr. Mertz claims that he relied upon a

2001 or 2002 product guide which indicated that the boat had head room of "6 feet 3 inches" and that the boat was capable of speeds "in excess of 100 miles per hour (with optional power)." Plaintiff admittedly relied on an old Donzi brochure, despite the fact that he purchased a 2003 model. The design of the boat was changed for the 2003 model year to add extra strength to the hull which resulted in slightly reduced head room of 5 feet 11 inches. Furthermore, Plaintiff purchased the boat with two 575 horsepower engines. Although Plaintiff was informed that two 900 horsepower engines were available, he chose to purchase the boat with two 575 horsepower engines. He did not purchase engines sufficiently large enough to sustain 100 miles per hour speed. He was advised that the largest engines upon which he could get a standard engine manufacturer's warranty were the 575 horsepower engines. According to testimony, on the initial sea trial, the boat attained speeds up to 84 miles per hour in six foot seas with the 575 horsepower engines.

In response to the Plaintiff's concerns, Donzi sent its representative, Mark Smith, to Erie to examine the boat and work with Mertz. He attempted to modify the props on the boat to increase the speed but was unable to substantially increase the speed of the boat.

It is important to note that Plaintiff twice visited the Donzi factory, once prior to ordering the boat and once during the summer of 2002 when his boat was being constructed at the Donzi facility in Sarasota, Florida. During his visits, Plaintiff had an opportunity to view his boat, to take photographs and to speak with various Donzi employees who were working on his boat. By Plaintiff's own admission, there was no confirmation by Donzi employees that the boat would travel in excess of 90 miles per hour with the engines purchased by Plaintiff. Similarly, he never discussed the headroom issue with anyone from Donzi. Because the

Plaintiff had ordered his boat, a 2003 model, in May, 2002, he received one of the first 2003 models built at the Donzi factory. He purchased the boat before literature regarding the 2003 models had been circulated or available to dealers.

In addition, Plaintiff had other issues with the boat for which there was warranty coverage and warranty repairs. Donzi responded appropriately to each and every warranty issue submitted by Plaintiff. However, unbeknownst to Donzi, Plaintiff entered into an arrangement with Greg Szczesny, owner of The Boat Store, in which The Boat Store would allow the Plaintiff to perform his own warranty repairs. The Boat Store submitted warranty claims, charging for <u>both</u> parts and labor, and would allow the labor portion of the work to be done by the Plaintiff, resulting in The Boat Store being paid for work it did not do. As payment or an accommodation for performing his own warranty work, the Plaintiff received a valuable global positioning speedometer at no charge from The Boat Store. Donzi had no knowledge that the Plaintiff was performing his own warranty repairs. Donzi promptly and appropriately dealt with all warranty claims submitted by The Boat Store on behalf of the Plaintiff. Indeed, many of the problems listed in the Plaintiff's Pretrial Statement have apparently been solved by the Plaintiff's own repairs or repairs by The Boat Store, including the alleged fuel overflow, the inappropriately sized propellers, the seat discoloration, the carpet stains and scratches on the table and counter tops. Other problems, such as the cracked engine head, which occurred in Spring 2004, almost two years after Plaintiff took delivery of the boat, resulted from inappropriate winterizing of the boat engines by the Plaintiff.

## II. DAMAGES

Defendants deny that the Plaintiff has sustained any damage since the Plaintiff's expert report indicates no diminution in value of the boat.

## III. WITNESSES

### A. Liability:

1. Thomas E. Mertz
   5850 Ruhl Road
   Fairview, PA 16415

2. Greg Szczesny
   5676 Luna Lane
   Erie, PA 16506

3. Gregory Savoia
   4319 Emit Drive
   Erie, PA 16511

4. Charles J. Miller
   **North Coast Marine Services**
   1903 West 8th Street
   Erie, PA 16505

5. R.V. Wagner, III
   **Consulting and Marine Surveying**
   7070 15th Street East
   Sarasota, FL 34243

6. Tony Vingelli
   **Donzi Marine, Inc.**
   7110 Twenty-First Street East
   Sarasota, FL 34243

7. Mark Smith
   **Donzi Marine, Inc.**
   7110 Twenty-First Street East
   Sarasota, FL 34243

      8.      Josh Stickles
              **Donzi Marine, Inc.**
              7110 Twenty-First Street East
              Sarasota, FL  34243

      9.      Tim Peltz
              **Donzi Marine, Inc.**
              7110 Twenty-First Street East
              Sarasota, FL  34243

**B.**    **Damages:**

      1.      Charles J. Miller
              **North Coast Marine Services**
              1903 West 8th Street
              Erie, PA 16505

      2.      R.V. Wagner, III
              **Consulting and Marine Surveying**
              7070 15th Street East
              Sarasota, FL  34243

Defendants, Donzi Marine, Inc. and American Marine Holdings, Inc., in its own right and d/b/a Donzi Marine, reserve the right to call any witnesses listed by any other party.

## IV.  EXPERT WITNESSES

Defendants, Donzi Marine, Inc. and American Marine Holdings, Inc., in its own right and d/b/a Donzi Marine, will call R.V. Wagner, III as an expert witness. Mr. Wagner's curriculum vitae is attached hereto as exhibit "A." Mr. Wagner will testify that he performed a survey on the boat on August 17, 2004 and will testify in accordance with the facts set forth in the survey report which is attached hereto as Exhibit "B." In addition, it is expected that Mr. Wagner will issue a supplemental report in response to the report of Plaintiff's expert, Charles J. Miller, which was produced along with Plaintiff's Pretrial Statement on March 26, 2007.

It must be noted that Plaintiff's expert, Mr. Miller, was previously retained by Mr. Wagner, Donzi's expert, to perform certain tests on the subject boat. Mr. Miller authored a report dated August 22, 2004 containing his deck moisture content report. Mr. Miller's report for Donzi is attached hereto as Exhibit "C." Defendants plan to call Plaintiff's expert, Mr. Miller, as both a fact and expert witness in its case in chief.

## V.   **EXHIBITS**

Defendants expect to introduce some or all of the following exhibits during the course of the trial of this matter:

- D1-   Plaintiff's Complaint
- D2-   Defendants' Answer to Plaintiff's Complaint with Affirmative Defenses
- D3-   Third-Party Complaint against The Boat Store
- D4-   Answer of Third-Party Defendant, The Boat Store, to Third-Party Complaint
- D5-   Dealer Agreement between Donzi Marine, a Division of American Marine Holdings, Inc.
- D6-   Marine Purchase Agreement (both sides)
- D7-   Donzi 2002 Product Information Guide and 2002 Sales Brochure
- D8-   Donzi Limited Warranty
- D9-   Donzi Z-Care Warranty
- D10-  Warranty Card submitted by or on behalf of Plaintiff to Donzi
- D11-  Donzi 2003 Product Information Guide and 2003 Sales Brochure
- D12-  Customer Service New Boat and Pre-Delivery Inspection Sheet
- D13-  Articles from Powerboat Magazine regarding performance of Donzi 38 ZX

D14- Donzi invoice for subject boat

D15- Donzi Manufacture/Assembly/Inspection documentation for the subject boat.

D16- All warranty claims submitted by or on behalf of Plaintiff and Donzi's responses thereto

D17- All correspondence between Plaintiff and The Boat Store

D18- All correspondence between Plaintiff and Donzi

D19- Photographs of the boat

D20- Documents from Mercury Engine regarding engines on the Plaintiff's boat and warranty claims submitted to Mercury

D21- Deposition of Plaintiff, Thomas Mertz, and exhibits thereto

D22- Deposition of Gregory Szczesny and exhibits thereto.

D23- Plaintiff's responses to Interrogatories and Request for Production of Documents

D24- Expert report of R.V. Wagner, III

D25- Deck Moisture Content Report of Charles J. Miller

Defendants reserve the right to introduce into evidence any exhibit listed by any other party.

## VI. UNUSUAL LEGAL ISSUES

The fact that Plaintiff has proffered the expert testimony of Charles J. Miller, who had previously consulted with Donzi on this matter prior to consulting with the Plaintiff, may result in the disqualification of Mr. Miller.

SWEENEY & SHEEHAN

By: *[signature]*
Robyn F. McGrath
Attorney for Defendants,
Donzi Marine, Inc. and
American Marine Holdings, Inc.

Identification No.: 55892
Nineteenth Floor
1515 Market Street
Philadelphia, PA 19102
(215) 563-9811

Date:   April 16, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS E. MERTZ,<br>    Plaintiff<br>  v.<br><br>DONZI MARINE, INC. and<br>AMERICAN MARINE HOLDINGS,<br>INC., in its own right and d/b/a<br>DONZI MARINE,<br>    Defendants and<br>    Third-Party Plaintiffs<br>  v.<br><br>THE BOAT STORE<br>    Third-Party Defendant | CIVIL ACTION - LAW<br><br><br>JURY TRIAL DEMANDED<br><br><br>THE HONORABLE MAURICE B. COHILL, JR.<br><br><br>NO. 04-55E |

## CERTIFICATION OF SERVICE

I hereby certify that the following counsel of record were served with a true and correct copy of the **Pretrial Statement of Defendants, Donzi Marine, Inc. and American Marine Holdings, Inc., in its own right and d/b/a Donzi Marine,** in the above-captioned matter via electronic and U.S. Postal Service, First Class Mail on April 16, 2007:

Matthew W. Fuchs, Esquire
**MacDONALD, ILLIG, JONES &
BRITTON LLP**
100 State Street, Suite 700
Erie, PA 16507-1459

Gregory Szczesny
**THE BOAT STORE**
5676 Luna Lane
Erie, PA 16506-4742

 

**SWEENEY & SHEEHAN**

By: _/s/ Robyn F. McGrath_
    Robyn F. McGrath
    Attorney for Defendants and
    Third Party Plaintiffs,
    Donzi Marine, Inc. and
    American Marine Holdings, Inc.