**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THOMAS E. MERTZ,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) **Case No. 04-55 Erie** |
| | ) |
| **DONZI MARINE, INC. and** | ) |
| **AMERICAN MARINE HOLDINGS,** | ) **Judge Cohill** |
| **INC., in its own right and d/b/a** | ) |
| **DONZI MARINE,** | ) |
| | ) |
| **Defendants and** | ) |
| **Third Party Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **THE BOAT STORE,** | ) |
| | ) |
| **Third Party Defendant** | ) |

## OPINION

Pending before the Court is the "Motion for Reconsideration in Relation to this Court's Order of May 14, 2007, Denying Without Prejudice The Motion to Amend The Third-Party Complaint of Defendants and Third-Party Plaintiffs, Donzi Marine, Inc. and American Marine Holdings, Inc. Pursuant to Federal Rule of Civil Procedure 15(a) and (c)" filed by Defendants and Third-Party Plaintiffs, Donzi Marine, Inc. and American Marine Holdings, Inc. ("the Defendants") [Doc. #34].

For the reasons set forth below, Donzi Marine, Inc. and American Marine Holdings, Inc.'s Motion for Reconsideration will be granted and the Third Party Complaint shall be

Amended to change the name of the Third-Party Defendant to "Szczesny Enterprises, Inc. d/b/a The Boat Store." We further find that this change in parties shall relate back to the filing date of the original Third Party Complaint based upon compliance with Fed.R.Civ.P. 15 (c) (2) and (3).

**I. Procedural History.**

In their original Motion to Amend the Third Party Complaint of Defendants and Third-Party Plaintiffs, Donzi Marine, Inc. and American Marine Holdings, Inc. Pursuant to Federal Rule of Civil Procedure 15(a) and (c), the Defendants requested that we change the name of the party against whom their third-party plaintiff claims were asserted from "The Boat Store" to "Szczesny Enterprises, Inc. d/b/a the Boat Store." Defendants and Third-Party Plaintiffs further requested that this change relate back to the filing date of the original Third Party Complaint based upon their compliance with Fed.R.Civ.P. 15 (c) (2) and (3), or alternatively, that the Court toll the applicable limitations period and allow an amendment of the pleadings to correctly name "Szczesny Enterprises, Inc. d/b/a the Boat Store" based upon principles of equity.

Fed.R.Civ.P. 15(a) provides that a party may amend a pleading by leave of court and that leave shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). We denied the Defendants' Motion to Amend the Third Party Complaint because they did not provide us with sufficient evidence to support their proposition that the correct Third-Party Defendant in this case should be "Szczesny Enterprises, Inc. d/b/a The Boat Store" as opposed to "The Boat Store." While we denied the Motion to Amend, however, we did so without prejudice for the Defendants to present their argument to the Court again "in the future if it comes up with more definitive evidence that Szczesny Enterprises, Inc. is doing business as "The Boat Store." Memorandum Order dated May 14, 2007, p. 2. Today we revisit the issues raised in Defendants' Motion to

2

Amend the Third Party Complaint of Defendants and Third-Party Plaintiffs, Donzi Marine, Inc. and American Marine Holdings, Inc. Pursuant to Federal Rule of Civil Procedure 15(a) and (c).

Notably, while The Boat Store did not file a response to the Original Motion to Amend the Third Party Complaint, upon the Defendants filing their Motion for Reconsideration, Mr. Gregory Szczesny, on behalf of The Boat Store, sent the Court a letter opposing the Defendants' Motion for Reconsideration. In the letter he argues: (1) that the Defendants "have had ample time and notice to change documents prior to the commencement of this action;" (2) if the motion is granted, The Boat Store will be prejudice[d] due to the fact that the majority of the assets that were listed in the debtor's bankruptcy schedule Donzi exhibit have been liquidated to pay off existing debt;" and (3) the business as The Boat Store & szczesny Enterprise has been abolished." June 28, 2007 letter from Gregory M. Szczesny.

**II. Legal Analysis.**

**A. The Proper Third-Party Defendant.**

First we address the issue of what entity is the proper Third Party Defendant in this action, i.e. whether we should allow a change in the name of the party against whom the Defendants' third-party plaintiff claims are asserted from "The Boat Store" to "Szczesny Enterprises, Inc. d/b/a the Boat Store." Attached to the Defendants' Motion for Reconsideration are a number of documents relevant to the issue. Contained within these documents is the following relevant information. First, on April 28, 2006, Gregory Szczesny and his wife, Christine Szczesny ("the Szczesnys") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania. Exhibit B to Defendant's Motion for Reconsideration. Second, on "Schedule A -

3

Real Property" of their Bankruptcy Petition, the Szczesnys listed a "Commercial Premises -
10170 West Main Street, North East, PA." Exhibit C to Defendant's Motion for
Reconsideration. Third, at his deposition taken on February 2, 2005, Mr. Szczesny stated that
The Boat Store was initially located at 10190 West Main Road, North East, PA and in 2000, The
Boat Store moved to 10170 West Main Road, North East, PA. Exhibit D to Defendant's Motion
for Reconsideration, p. 7. Mr. Szczesny also stated that as of February 2, 2005, The Boat Store
was still in operation at 10170 West Main Road, North East, PA and also had a location at
Dobbin's Landing. Id. Mr. Szczesny also stated that as of February 2, 2005, The Boat Store had a
sales office on Bayfront Highway in Erie. Id. Fourth, on "Schedule B - Personal Property" of
their Bankruptcy Petition, the Szczesnys listed under "stocks and interests in incorporated and
unincorporated business," "Szczesny Enterprises, Inc. d/b/a the Boat Store," with a value of
$10,000. Exhibit E to Defendant's Motion for Reconsideration. Fifth, under "18. Nature, location
and name of business," of their Bankruptcy Petition, the Szczesnys were instructed: "a. *If the
debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the
businesses, and beginning and end dates of all businesses in which the debtor was an officer,
director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor,
or was self-employed in a trade, profession, or other activity either full- or part-time within the
**six years** immediately preceding the commencement of this case, or in which the debtor owned 5
percent or more of the voting or equity securities within the six years immediately preceding the
commencement of this case." In response, the Szczesnys listed "Szczesny Enterprises, Inc.;" I.D.
No. "25-1767693," "d/b/a The Boat Store, 10170 West Main Road, North East, PA 16428," the
nature of the business being "Boat sales and service," with a beginning date of "05/04/1995" and

4

an ending date of "04/28/2006." Exhibit G to Defendant's Motion for Reconsideration.

Based upon the information contained in the Szczesnys' Bankruptcy Petition as well as

Mr. Szczesny's statements during his deposition, we find that Szczesny Enterprises, Inc. was

doing business as The Boat Store during the time period relevant to this litigation. Therefore, we

find that the Defendants must be permitted to amend their Third Party Complaint to name

"Szczesny Enterprises, Inc. d/b/a The Boat Store" as the Third-Party Defendant in this case.

**B. Relation back of Amended Complaint to original filing date.**

The Defendants' proposed amendment changes the name of the party against whom a

claim is asserted. Therefore, we must next address whether this change of the Third Party

Defendant's name relates back to the filing date of the original Third Party Complaint. This issue

is controlled by Fed.R.Civ.P. 15. Fed.R.Civ.P. 15(c) states in relevant part:

(c) Relation Back of Amendments. An amendment of a pleading relates back to
the date of the original pleading when

. . .

(2) the claim or defense asserted in the amended pleading arose out of the
conduct, transaction, or occurrence set forth or attempted to be set forth in the
original pleading, or

(3) the amendment changes the party or the naming of the party against whom a
claim is asserted if the foregoing provision (2) is satisfied and, within the period
provided by Rule 4(m) for service of the summons and complaint, the party to be
brought in by amendment (A) has received such notice of the institution of the
action that the party will not be prejudiced in maintaining a defense on the merits,
and (B) knew or should have known that, but for a mistake concerning the identity
of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c).

Initially, we find, as required by Fed.R.Civ.P. 15(c)(2) and (3), that the claims asserted

against Szczesny Enterprises, Inc. d/b/a The Boat Store "arose out of the conduct, transaction, or

5

occurrence set forth or attempted to be set forth in the original pleading" Moreover, given Mr. Szczesny's relationships with Szczesny Enterprises, Inc. and The Boat Store, there can be no doubt that Szczesny Enterprises, Inc. d/b/a The Boat Store received notice of the institution of the action within the period provided by Fed.R.Civ.P. 4(m) for service of the summons and complaint, such that Szczesny Enterprises, Inc. d/b/a The Boat Store will not be prejudiced in maintaining a defense on the merits. Further, we find that given Mr. Szczesny's relationships with Szczesny Enterprises, Inc. and The Boat Store, Szczesny Enterprises, Inc. d/b/a The Boat Store knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party. Therefore, we find that the Defendants' amendment of the Third-Party Complaint to name the Third-Party Defendant as "Szczesny Enterprises, Inc. d/b/a The Boat Store" relates back to the date the original Third-Party Complaint was filed.

Next, as stated above, the Defendants also argue that we should toll the applicable limitations period and allow an amendment of the pleadings to correctly name "Szczesny Enterprises, Inc. d/b/a the Boat Store" based upon principles of equity. Given our conclusion that the Defendants' amendment of the Third-Party Complaint to name the Third-Party Defendant as "Szczesny Enterprises, Inc. d/b/a The Boat Store" relates back to the date the original Third-Party Complaint was filed, it is not necessary to substantively address this argument and therefore, we elect not to do so.

Finally, we take the time to explain that now that a corporation has been named as the Third Party Defendant in this case, as a non-attorney, Mr. Szczesny must not correspond with this Court on behalf of Szczesny Enterprises, Inc. d/b/a The Boat Store about the merits of this

6

case. This is because, as stated in a 1993 decision by the United States Supreme Court: "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 201-02, 113 S.Ct. 716 (1993).

**III. Conclusion.**

Donzi Marine, Inc. and American Marine Holdings, Inc.'s Motion for Reconsideration shall be granted and the Third Party Complaint shall be amended to change the name of the Third-Party Defendant to "Szczesny Enterprises, Inc. d/b/a The Boat Store." Furthermore, this change in parties shall relate back to the filing date of the original Third Party Complaint based upon compliance with Fed.R.Civ.P. 15 (c) (2) and (3). An appropriate Order will follow.

Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.
Senior District Court Judge

Dated: July 12, 2007

cm/ecf: counsel of record

cc: Szczesny Enterprises, Inc. d/b/a The Boat Store
c/o Gregory Szczesny
5676 Luna Lane
Erie, PA 16506